Lawrence **HANEBRINK**, Plaintiff-Respondent,

v.

Norman C. **PARKER** et al., Defendants-Appellants.

No. 35036.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 22, 1974.

Motion for Modification or Rehearing or for Transfer Denied Feb. 11, 1974.

Application to Transfer Denied April 8, 1974.

Ronald O. Heier, Asst. County Counselor, Clayton, for defendants-appellants.

London & Greenberg, Lawrence J. Fleming, St. Louis, for plaintiff-respondent.

WEIER, Judge.

After an evidentiary hearing, the Board of Police Commissioners of St. Louis County determined Patrolman Lawrence F. Hanebrink had violated certain provisions of the Code of Discipline and Ethics of the St. Louis County Police Departmental Rules and Regulations. The Commission affirmed the order of the Superintendent of Police that plaintiff Hanebrink forfeit sixteen hours accumulated compensatory time and that a copy of the Superintendent's memorandum of reprimand be placed in plaintiff's personnel file. On appeal to the circuit court, the court ordered the determination of the Board of Police Commissioners reversed for the reason that it was unsupported by competent and substantial evidence upon the whole record. We have reviewed the evidence adduced first before the Board and then submitted to the court upon the record, and find that the Board's determination was supported

by competent and substantial evidence. The judgment of the circuit court is therefore reversed and remanded.

From the evidence submitted to the Board of Police Commissioners at two sessions, the Board could have found and inferred that on the evening of September 25, 1970, plaintiff Hanebrink issued a parking summons to a Mr. John J. Rizzello. At the time Hanebrink was employed by householders living on Castle Drive in St. Louis County to enforce a no-parking ordinance during certain evening hours along that drive. According to the testimony of Rizzello and his passenger, he drove into Castle Drive looking for a place to park his car. Finding one, he parked the automobile, but noticed that plaintiff was writing tickets for other cars parked nearby. Rizzello thereupon left his automobile, approached Officer Hanebrink, and asked him if he could park where his car was located. Hanebrink thereupon asked Rizzello for his driver's license and proceeded to give Rizzello a summons. Upon investigation of the incident by two detectives of the St. Louis County Police Department, Hanebrink was asked why he issued a summons rather than have Rizzello move his vehicle. The detectives testified Hanebrink replied that the residents of the immediate area were observing the incident at the time, and he felt he should issue a summons since they were the people who were paying for his part time employment. Officer Wurth, a companion officer who was working with Hanebrink at the time and witnessed part of the incident, and several other members of the Police Department testified to a different version of the facts. This conflict of evidence was presented to the Board and the Board resolved the factual issues against the plaintiff.

The Board of Police Commissioners on appeal contends that the circuit court, by finding the Board's order unsupported by competent and substantial evidence upon the whole record, merely substituted its own judgment for that of the Board. Officer Hanebrink, on the other hand, contends that the circuit court may review the evidence, and, upon consideration of the independent evidence supporting Hanebrink's version of the incident and the evidence to the contrary, thereupon reverse the decision of the Board.

■ Standards for judicial review of an action of an administrative agency are set out in: Missouri Constitution, Article 5, § 22, V.A.M.S.; Rule 100.07(b), V.A.M.R.; § 536.140(2), RSMo 1969, V.A.M.S. In cases where a hearing is required by law, the reviewing court must determine whether a decision of any administrative body is "supported by competent and substantial evidence upon the whole record". The term "substantial evidence" both implies and comprehends competent evidence and is evidence which, if believed, would have a probative force upon the issues. State ex rel. Rice v. Public Service Commission, 359 Mo. 109, 220 S.W.2d 61, 64[3] (banc 1949). And an appellate court, upon review of a case, after a determination by an administrative board, "as a matter of law passes upon the matter of substance and not of credibility. In other words an appellate court may say that particular evidence is substantial if the triers of the facts believed it to be true." State ex rel. Rice v. Public Service Commission, *supra*, at 65[7].

■ Once it is determined that an administrative agency's decision was supported by competent and substantial evidence, a reviewing court must then determine whether or not that decision was clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Elec. Corp., 355 Mo. 670, 197 S.W.2d 647, 649[3] (1946). In examining the record and in applying these standards, a reviewing court must first view the record in a light most favorable to the findings of the Commission considering the favorable inferences which the Commission had a right to draw

from the evidence before it, and then determine whether the Commission's findings, even if supported by competent and substantial evidence, are contrary to the overwhelming weight of the evidence. Thacker v. Massman Const. Co., 247 S.W.2d 623, 627[2] (Mo.1952). But the weight of the evidence is not the quantity or amount thereof. Rather it is the weight in probative value; its effect in inducing belief. Land Clear. for Redev. Authority of City of Joplin v. Joplin Union Depot Co., 429 S.W.2d 806, 813 (Mo.App.1968). If the evidence before an administrative tribunal would warrant a finding either of two opposed ways, the reviewing court is bound by the tribunal's findings and it matters not that there may be evidence which would support a finding to the contrary. Edwards v. Firemen's Retirement System of St. Louis, 410 S.W.2d 560, 567[3] (Mo. App.1966). The determination of the credibility of the witnesses is a function of the administrative tribunal. Edwards v. Firemen's Retirement System of St. Louis, *supra*, at 568[4]; Marshfield Community Bank v. State Banking Board, 496 S.W.2d 17, 26[21] (Mo.App.1973).

■ Although there is evidence in this case for a decision contrary to that arrived at by the Board of Police Commissioners, the Board's decision cannot be reversed merely because the evidence in opposition to the determination may also be substantial and competent. Furthermore, the evidence contrary to the Board's determination is not such superior evidence of great probative value so as to be characterized as "overwhelming".

The judgment of the circuit court is reversed and the case is remanded with instructions to reinstate the findings and determination of the Board of Police Commissioners of St. Louis County, Missouri.

SIMEONE, Acting P. J., and KELLY, J., concur.