**Ronald L. MORICE, Appellant,**

v.

**Gus O. NATIONS et al., Comprising the Board of Police Commissioners of St. Louis County, Missouri, Respondents.**

No. 39268.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 20, 1978.

C. John Pleban, London, Greenberg & Fleming, St. Louis, for appellant.

Thomas W. Wehrle, St. Louis County Counselor, Dennis C. Affolter, Asst. County Counselor, Clayton, for respondents.

STEPHAN, Judge.

Ronald L. Morice appeals from a judgment of the circuit court which affirmed his dismissal from the St. Louis County Police Department.

**On June 17, 1976, Superintendent of Police Gilbert Kleinknecht notified Morice of his dismissal and gave him a letter setting forth the reasons therefor. The letter advised Morice of his right to appeal[1] the superintendent's decision to the Board of Police Commissioners, and Morice availed himself of that right. A hearing was held before the board on September 8, 1976, which resulted in findings that Morice was guilty of insubordinate conduct to a superior officer and of using abusive language toward a member of the public, as charged in the letter. Morice was found not guilty by the board of a third charge, that he had used unreasonable force in dealing with a prisoner. The board "affirmed" Morice's dismissal.

Appellant contends that the findings of the board were not supported by competent and substantial evidence, that the board shifted the burden of proof to him, and that the board exceeded its jurisdiction when it affirmed the dismissal after finding appellant not guilty of one of the three charges. For reasons hereinafter stated, we hold these contentions to be without merit and affirm.

A reading of the transcript of the hearing before the board shows the following facts: On November 10, 1975, Morice, a patrolman, was assigned to "C" platoon of the St. Louis County first precinct. His regular tour of duty on that day was to end at 11:00 p. m. His supervisor was Sergeant Joseph M. Kennedy, who testified that at about 11:20 p. m. he was in the process of completing some paper work and talking to the supervisor of the 11:00 p. m. to 7:00 a. m. watch. Kennedy heard some "commotion" and "loud shouting" and went to investigate. He noted that the door to an office, "the west sergeant's office", was closed. Upon opening the door, Kennedy observed that the room was occupied by Morice and a prisoner, James Green. Green was seated

---

1. Referred to as an "appeal" by both the St. Louis County Charter, § 4.280, and the Police Manual of Conduct and Discipline, Art. 5, the procedure is in fact a "contested case" as that term is used in § 536.010, RSMo 1969, and the letter serves the purpose of the notice contemplated by succeeding sections. The burden of proof at the board hearing was on the superintendent. *Heidebur v. Parker*, 505 S.W.2d 440 (Mo.App.1974); *Moore v. Damos*, 489 S.W.2d 465, 468 (Mo.App.1972).

in a chair with his hands handcuffed behind him. Morice was standing over Green, grasping him with one hand by his neck or clothing in the vicinity of the neck. Morice's other hand was clenched in a fist and drawn back as if he were about to strike Green. Green appeared frightened. Morice was saying to Green, "You lied to me, you ignorant mother fucker, you lied to me." Kennedy told Morice to "Let him alone." After Kennedy repeated the directive several times, Morice released his hold on the prisoner and stepped back a foot or so, and it appeared to Kennedy that the situation was under control. At that instant, the door was slammed in Kennedy's face. When Kennedy tried to open the door, he encountered resistance from the other side and he forced the door open with his shoulder. Morice again had Green by the collar and was standing over him with his fist drawn báck. Kennedy said to Morice, "Let him alone." Morice did not respond but simply looked at Kennedy. Kennedy then said, "Put him in the hold over." Morice continued to look at Kennedy; Kennedy repeated the directive several times, each time with increasing vociference and vehemence. Morice responded, "If you want to put the mother fucker in the hold over, you put him in the hold over." Kennedy said, "No, you do it." Morice finally took the prisoner down the hall toward the holdover cell, shoving him as he went, in spite of Kennedy's admonition not to do so. Kennedy's testimony concerning these events was consistent with and corroborated by that of the oncoming watch supervisor, Sergeant Donal Held, and Patrolman Mark Roman, both of whom were in the immediate vicinity of the doorway to the west sergeant's room. Roman also added that, during the exchange between Kennedy and Morice, the latter referred to the prisoner, who is black, as a "nigger". Morice, who was present at the hearing, did not testify.

At the outset of our examination of appellant's first point, that the board's findings were not supported by substantial and competent evidence, we review briefly the nature of our task in this regard. In *Hane-* *brink v. Parker*, 506 S.W.2d 455, 457 (Mo. App.1974), this court said:

"Standards for judicial review of an action of an administrative agency are set out in: Missouri Constitution, Article 5, § 22, V.A.M.S.; Rule 100.07(b), V.A.M.R.; § 536.140(2), RSMo 1969, V.A.M.S. In cases where a hearing is required by law, the reviewing court must determine whether a decision of any administrative body is "supported by competent and substantial evidence upon the whole record". The term 'substantial evidence' both implies and comprehends competent evidence and is evidence which, if believed, would have a probative force upon the issues. *State ex rel. Rice v. Public Service Commission*, 359 Mo. 109, 220 S.W.2d 61, 64[3] (banc 1949). And an appellate court, upon review of a case, after a determination by an administrative board, 'as a matter of law passes upon the matter of substance and not of credibility. In other words an appellate court may say that particular evidence is substantial if the triers of the facts believed it to be true.' *State ex rel. Rice v. Public Service Commission, supra*, at 65[7]."

■ Measured against the foregoing, we think the evidence before the board fully supported the findings made. It could not be said that the decision was clearly contrary to the overwhelming weight of the evidence, *Wood v. Wagner Electric Corporation*, 197 S.W.2d 647 (Mo. banc 1946), for there was no evidence to the contrary. Yet, appellant through resourceful counsel argues that the evidence does not meet the standard for reasons which we touch on here. Appellant asserts that there was not competent and substantial evidence to support the finding that he had been insubordinate to Sergeant Kennedy in failing to obey the latter's orders, because Kennedy did not identify his words as direct orders and that it was improper to admit Superintendent Kleinknecht's opinion testimony that such statements as "Put the prisoner in holdover" constituted a direct order. We need not consider whether the superintendent was competent to express such an opinion

for the reason that the record is replete with other compelling evidence from which the board could have inferred that Kennedy's directives to Morice constituted direct orders. Considering the totality of the facts surrounding the occurrence—a sergeant of police talking to an obviously angry and excited patrolman in a police station during the interrogation and in the presence of a manacled prisoner whom the patrolman appears to be threatening with imminent violence—we have no difficulty in holding that the board could reasonably find that the sergeant's words were direct orders. It was not necessary for Kennedy to preface his commands by such words as "I order you . . ." or "This is an order . . ." Under the circumstances, such phrases would be redundancies.

Similarly, we find devoid of merit appellant's claim that there was not substantial evidence to support the finding that Morice employed a "racial slur" in referring to Green. Appellant would have us so hold because only Patrolman Roman testified that Morice used the word "nigger". While Kennedy and Held did not *testify that Morice used the word,* neither did they testify that he did not use it. Roman's testimony was credible, was believed by the board, and was therefore "substantial" evidence. *Hanebrink v. Parker, supra,* 457.

Finally, in attacking the sufficiency of the evidence, appellant claims the superintendent's case before the board must necessarily fail because there was no "in-court" identification. That is to say, none of the witnesses testified that the Ronald L. Morice who attended the board hearing was the

same Ronald L. Morice who was involved with Sergeant Kennedy in the events which gave rise to this case. This argument is also without merit.

When appellant's counsel moved for dismissal of the charges at the close of the superintendent's case and argued lack of "in-court" identification, the chairman stated:

"It's very obvious to me, and the testimony, the officer's—do you want to hear me out? The officers who were testifying about the incident were referring to him and nodding towards him, obviously I think there was very obvious identity. I don't have any problem with that at all. As far as I'm concerned that's a sham, Mr. Pleban; there's no validity to that complaint at all."

Having examined the entire transcript of the hearing, we agree with the chairman's characterization of the argument. The sole purpose of "in-court" identification is to connect the person identified with the acts or conduct which gave rise to the litigation. That appellant was the person to whom the charges were directed and about whom the testimony was elicited at the hearing was a fact effectively acknowledged by the parties and so accepted and understood by the board.[2]

Appellant's second point is that the trial court erred in affirming the board's decision because the board shifted the burden of proof. This contention is based on the first paragraph of the board's conclusions of law which states:

"When a supervisory Officer, during the course of duty, directs a subordinate to do or refrain from doing something, the di-

---

**2.** The sophistry of appellant's argument on this issue is underscored by the fact that he filed three *pre-hearing motions,* one of which was to discover the evidence developed by the internal affairs investigation relevant to the charges against him. This motion was resolved to the satisfaction of his counsel prior to the commencement of the hearing. Appellant presented evidence and argued the other two motions at the hearing, thus conceding that he is the person who was named as the subject of the charges. Moreover, in cases involving the Second Offender Act, § 556.280, RSMo et seq.,

it has consistently been held that identity of name of a criminal defendant and a person shown by documentary evidence to have a prior conviction is prima facie proof that such persons are one and the same. *State v. Shumate,* 516 S.W.2d 297, 300 (Mo.App.1974); *State v. Harris,* 452 S.W.2d 577, 578 (Mo.1970). In view of the overwhelmingly conclusive circumstances here present, the board was justified in concluding that the Patrolman Morice about whom they heard testimony was the same person present before them at the time.

rection is an order, absent proof of any circumstances showing it was not intended as such. There was no proof of such circumstances in the colloquy between appellant and Sgt. Kennedy and we conclude that appellant was insubordinate toward Sgt. Kennedy in failing to obey Sgt. Kennedy's order to leave Green alone, in failing promptly to obey Sgt. Kennedy's order to put Green in the holdover, and in telling Sgt. Kennedy to put Green there himself, all in violation of Article 12.2 above."

■ We do not agree that the foregoing indicates that the board was imposing on appellant the burden of proving his innocence, as was the case in *Heidebur v. Parker*, 505 S.W.2d 440 (Mo.App.1974), upon which appellant relies. Rather, the "conclusion" is an accurate articulation of the relationship between a superior officer and those under his command: a simple imperative sentence spoken to a subordinate relating to the latter's duties, under such circumstances as are here presented, is presumptively an order. The presumption is, of course, rebuttable. As was said in *Heidebur, supra*, 444, "the Superintendent has the burden of proof and should have been required to put on his case first; and, thereafter, the defendant, if the Superintendent has made a prima facie case, be required to go further with his evidence."

■ Appellant's final point is that, because the board found him not guilty of one of the three charges, it exceeded its jurisdiction when it affirmed the superintendent's decision to dismiss him. In appellant's view, when the board found him guilty of only two of the charges, it should have either directed the superintendent to enter a new order or remanded the case to the superintendent for reassessment of the disciplinary action. With this contention we disagree.

The St. Louis County Charter provides "The board of police commissioners shall be in charge of the department of police." § 4.270.1. The board appoints and removes the superintendent. § 4.270.7. Although the superintendent in the first instance orders disciplinary action against personnel of the department, "All cases of disciplinary action shall be subject to each employee's right of appeal to the board of police commissioners, whose findings and orders shall be final and conclusive." § 4.280. From the foregoing, we believe that the framers of the charter intended that, when an appeal from a disciplinary order of the superintendent was taken, the board would have the broadest possible discretion, within the parameters of the charges, to make its own findings and to enter whatever disciplinary orders it deemed appropriate. To adopt appellant's view would be to ignore the obvious fact that the superintendent, although he is the highest ranking police officer, is a subordinate of the board. We believe the charter provision relating to the finality and conclusiveness of the board's "findings and orders" mandates our ruling that the board's action in this case was proper.

The judgment is affirmed.

STEWART, P. J., and REINHARD, J., concur.