Sharon **WASHINGTON**, Appellant,

v.

Homer **SAYAD**, et al., **Respondents.**

No. 48118.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

C. John Pleban, St. Louis, for appellant.

David O. Danis, St. Louis, for respondents.

SIMON, Judge.

Appellant, Sharon Washington appeals from a judgment of the Circuit Court of the City of St. Louis affirming the decision of the City of St. Louis Board of Police Commissioners (Board), respondents, ordering her dismissal from the police department for violations of department rules and regulations.

On appeal, appellant contends that the circuit court erred: (1) in affirming the Board's action because the Board's decision

was unsupported by "substantial and competent evidence on the record as a whole," and "contrary to the overwhelming weight of the evidence;" and (2) in sustaining the constitutionality of Rule 9, Section 9.001(f) of the department rules and regulations. We affirm.

■ On review, we shall affirm the trial court's ruling if the decision of the Board of Police Commissioners is supported by substantial and competent evidence, *Hanebrink v. Parker*, 506 S.W.2d 455, 457[1] (Mo.App.1974); is not against the overwhelming weight of the evidence, *Hanebrink v. Parker*, 506 S.W.2d at 457[4]; and the regulation or rule is not void for vagueness, *Milani v. Miller*, 515 S.W.2d 412 (Mo. 1974).

The factual background which gave rise to the Board of Police Commissioners' action against appellant, viewed in a light most favorable to the Board's decision, may be briefly stated. *Hanebrink v. Parker*, 506 S.W.2d at 457[5]. On the night of May 21–22, 1982, between the hours of 10:30 p.m. and 3:30 a.m., Police Officer Sharon Washington allegedly struck a prisoner, Lisa Ann Perigo (Perigo), with a night stick, and further, refused medical aid to her. At approximately 6:00 p.m. on May 21, 1982, Perigo was taken into custody on an unrelated bench warrant following an automobile accident. At about 8:50 p.m. she was transported to the police headquarters on Clark Street in the City of St. Louis and placed in a holdover area. Police Officer Constance Myles was on duty at the women's holdover area when Perigo arrived. Washington reported on duty at 11:00 p.m. and was on duty until 7:00 a.m., the next day.

On April 16, 1983, a hearing was held before the Board of Police Commissioners to determine whether Washington violated certain department rules and regulations as alleged by the Department. In support of the allegations, Perigo testified that between the hours of 10:30 p.m. and 3:30 a.m. Washington struck her with a night stick in one cell and dragged her down the hall by her hair, stopping to strike her again while

en route to a second cell. She also testified that she repeatedly requested medical attention, but that Washington refused to arrange for medical aid. She claimed to have been pregnant when taken into custody and that she believed that from the trauma incident to the automobile accident or the alleged beating at the hands of Washington, she had miscarried. The Department also introduced into evidence photographs taken two or three days after Perigo's release from custody which showed signs of bruises and lacerations on and about Perigo's body such as might have been inflicted by a night stick. Furthermore, the Department also elicited testimony from Sergeant William Reudlin, a member of the St. Louis Police Department who reported to the scene of the aforementioned automobile accident, that during a five to eight minute interview he conducted with Perigo, he saw no marks on her body such as those depicted in the photographs. Police Officer Constance Myles likewise testified that as of her last contact with Perigo, about 9:30 p.m., she saw no signs of physical injury. At every stage in the hearing appellant introduced evidence contradicting the department's evidence.

Subsequently, the Board entered its decision and ordered appellant's dismissal from the Department. It held that she had violated police regulation, Rule 9, Section 9.033 which prohibits *inter alia* "any abuse of prisoners, either by word or act," and Rule 9, Section 9.001(f) which requires *inter alia* that "aid shall be promptly given to persons requesting service." Subsequently, appellant filed suit in the Circuit Court of the City of St. Louis petitioning for administrative review of the findings of the Board of Police Commissioners. A hearing was had before the Circuit Court on September 16, 1983, and thereafter, on October 26, 1983, the Court entered its order affirming the actions of the Board of Police Commissioners.

In her first point on appeal, appellant contends that the trial court erred in affirming the actions of the Board since its findings were unsupported by substantial

and competent evidence on the record as a whole and were contrary to the overwhelming weight of the evidence.

On its face, appellant's argument in support of her first point challenges the admissibility of the evidence relied upon by the Board. On closer examination, however, she essentially urges that we re-weigh the evidence. The gravamen of her position is that the evidence introduced at the hearing before the Board, by her counsel and by respondents' counsel, contradicts the evidence supporting the Board's findings on every vital point.

■ In *Hanebrink,* 506 S.W.2d at 457[1], we held that the standard of review is to determine whether the agency's findings are supported by substantial and competent evidence on the record as a whole. If the findings are so supported, we must determine whether the findings are contrary to the overwhelming weight of the evidence. 506 S.W.2d at 457[4]. Moreover, we are obliged to examine the record on review in a light most favorable to findings of the Board. 506 S.W.2d at 457[5].

■ Applying this standard, we conclude that the Board's findings are predicated upon substantial and competent evidence, and its reasonable inferences. It is of no matter that the record reveals evidence supporting a contrary finding. We do not make a de novo determination of the witnesses' credibility supporting the Board's findings.

Appellant's first point is without merit.

Her second point is that the trial court erred in affirming the Board's finding that she violated Rule 9, Section 9.001(f) which requires that "aid shall promptly be given to persons requesting service, insofar as is consistent with duty obligations," as it is so vague as to not adequately advise her of those acts required by the regulation. She contends that the provision "consistent with duty obligations" renders the regulation discretionary rather than absolute, and fails to provide a standard to direct any discretionary use of authority.

■ While we are sensitive to her argument that reasonable persons could reasonably disagree as to the whole class of obligations imposed by Rule 9, Section 9.001[f], and that some persons might therefore be denied fair warning of those omissions in providing medical attention for which they might be disciplined, we find that the regulation was properly applied to the appellant. The Board could reasonably have found that she knew of or had reason to know of Perigo's allegations that she was pregnant, and fearful of a miscarriage. Also it could have concluded that she knew that Perigo had been injured while in custody. Thus, had she been aware of these facts, it is reasonable, under the present facts, to conclude that she did have "fair notice" that her failure to provide medical attention would constitute a violation of the rule. *Milani v. Miller,* 515 S.W.2d at 419[14]. Appellant's second point cannot be sustained.

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.