**CONSOLIDATED SCHOOL DISTRICT NUMBER 2, Appellant,**

v.

**Art KING by next friend Patsy DRESSELHAUS, Respondent.**

**No. WD 41841.**

Missouri Court of Appeals, Western District.

March 27, 1990.

Norman Humphrey, Jr., Independence, for appellant.

Lawrence F. Gepford, Jr., Kansas City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

NUGENT, Chief Judge.

Defendant Consolidated School District No. 2 (hereinafter the District) appeals from the reversal by the circuit court of its suspension from school of plaintiff Art King, an eighth grade student at Raytown Middle School. The District argues that the trial judge erred in finding that it did not base the suspension upon competent and substantial evidence and that in suspending him, the district abused its discretion and acted arbitrarily, capriciously and unreasonably.

We reverse the circuit court's decision.

On the morning of September 20, 1988, at a school bus stop a "butterfly knife" fell from the plaintiff's jacket pocket as he and other students awaited the school bus. Another student's mother telephoned Norman Brooks, the school's principal, and told him

that "someone had exhibited a knife at the bus stop." When the bus arrived at school, Mr. Brooks questioned the students and identified Art King as the boy with the knife. The boy had threatened no one with the weapon. He then questioned Art and accompanied him to another student's locker and recovered the knife.

Mr. Brooks immediately suspended Art for ten days. He reported the matter to the district superintendent, including in his report alternative recommendations for punishment. First, he suggested that the district suspend the boy for the remainder of the semester. In the alternative, he recommended that, since Art "did not actually threaten anyone with this knife and, in recognition of his excellent school record," the superintendent suspend the boy for ten days out-of-school followed by a ten-day in-school suspension and a period of probation with the threat of suspension for a minimum of an additional ninety days if the plaintiff again brought the knife to school. He also reported that the district had already suspended two students for possessing knives at school but that those students had poor disciplinary records, whereas Art's "conduct grades, as well as his scholarship grades, are considerably above average."

The boy and his mother, Ms. Dresselhaus, attended a hearing on September 27 to review the suspension and determine possible further punishment for the boy. Following the hearing, the superintendent suspended the boy for the remainder of the semester, seventy-eight days, until January 24, 1989.

The plaintiff's parents appealed the suspension, and the school board met on October 11 to hear the appeal. By then, Art had returned to school because the initial ten-day suspension had ended and the appeal of the superintendent's suspension awaited review by the school board.

At the school board hearing, Mr. Brooks, the principal, testified that Art "has had an excellent disciplinary record" and he described his grades as "considerably above average." The district assistant superintendent, Dr. Foraker, testified that in punishing students who brought knives to school he would not distinguish between them based on their scholastic achievement because of "the possibility of an unfortunate incident occurring" when pupils bring knives into the school.

The school board upheld the superintendent's suspension, and the plaintiff petitioned the circuit court for review. The court entered judgment in favor of the plaintiff, ruling that the school board had acted arbitrarily, capriciously and unreasonably, had abused its discretion and that, based upon the record as a whole, competent and substantial evidence did not support the suspension order. The District appealed.

"[A]n appellate court sitting in review of an administrative agency reviews the findings and decisions of the agency and not the judgment of the circuit court." *City of Cabool v. Missouri State Board of Mediation*, 689 S.W.2d 51, 53 (Mo.1985) (en banc); *Knapp v. Missouri Local Gov't Employees Retirement System*, 738 S.W.2d 903, 912 (Mo.App.1987). In reviewing administrative factual determinations, a court must view the evidence in a light most favorable to the administrative agency's decision and may not substitute its judgment for that of the agency. *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo.1987) (en banc). A court may reverse an administrative decision only if no substantial and competent evidence supports it or the agency has abused its discretion or acted arbitrarily, capriciously or unreasonably. *Id.*; § 536.140.2, Revised Statutes of Missouri, 1986.

Further, we review this case mindful of the reluctance of Missouri courts to interfere in a school district's exercise of its discretion. *Smith v. Consolidated School Dist. No. 2*, 408 S.W.2d 50, 53 (Mo.1966) (en banc). We also heed the Supreme Court's admonition that "the appropriate means of school discipline is committed generally to the discretion of school authorities subject to state law." *Ingraham v. Wright*, 430 U.S. 651, 682, 97 S.Ct. 1401, 1418, 51 L.Ed.2d 711 (1977).

■ The plaintiff contends that we should dismiss the appeal as moot. He argues that since he has completed the eighth grade and attends a private school outside his public school district, no practical effect or relief can arise from our decision. *See Missouri Real Estate Commission v. Carr,* 695 S.W.2d 169, 170 (Mo. App.1985). A cause of action becomes moot when the question presented for decision seeks judgment upon a matter that, when adjudicated, would have no practical effect on any existing controversy. *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo.1984) (en banc).

■ In *Shaw v. Park Hill R–V School Dist.,* 630 S.W.2d 610, 611 (Mo.App.1982), we dismissed as moot the appeal of a student suspended from school for ten days and suspended permanently from the cheerleading team. We reasoned that, since the appeal reached us after the student had graduated, adjudication of the appeal would have had no practical effect. *Id.*

Here, however, the plaintiff still lives in the district and by law has the right to return at any time to a public school within that district. The appeal process has stayed his suspension. Although he has attended a private school outside the district for nearly three semesters, he has done so while his suspension remained stayed. Thus, according to the District's calculation, he has served only nineteen days of the seventy-eight-day suspension.

In its first point on appeal, the defendant District argues that competent and substantial evidence supported the superintendent's suspension order. The District contends, and the plaintiff does not deny, that he brought the knife to school in violation of a provision of the "Student Discipline Policy," a copy of which each student received upon entering school in the fall. In pertinent part, the "Student Discipline Policy", in the section entitled DANGEROUS WEAPONS IN THE SCHOOL, reads: "Any person utilizing a school facility is not to ... possess ... knives ... or other weapons" on school property. "Any student who violates this provision may be suspended for ten days and the superintendent.... may review the case to determine if further disciplinary action, including expulsion, should be taken."

The District contends that the simple act of bringing a knife to school violates the provision and triggers the administrator's discretionary power to fix a punishment. Further, the District maintains that, since the plaintiff violated the policy proscribing possession of knives, competent and substantial evidence supports the use of this discretionary power in ordering his suspension. Therefore, it concludes, since the board's findings bound the trial court, it committed reversible error in reversing the suspension order.

Our inquiry requires a determination of whether competent and substantial evidence supported the board's order. *Knapp, supra,* 738 S.W.2d at 911. The courts define competent evidence as relevant and admissible evidence that can establish the fact at issue. *Id.* at 913.

In part, the District relies upon *Hanebrink v. Parker,* 506 S.W.2d 455 (Mo.App. 1974), which defines "substantial evidence" as implying and comprehending competent evidence and as evidence that, if believed, would have probative force upon the issues. *Id.* at 457. Once a reviewing court has determined that competent and substantial evidence supports the agency's decision, it may, nevertheless, "set aside decisions clearly contrary to the overwhelming weight of the evidence." *Id.* at 458, citing *Wood v. Wagner Electric Corp.,* 355 Mo. 670, 197 S.W.2d 647, 649 (en banc 1946). The concept of the "weight of the evidence" refers to its probative value, not the quantity of evidence. *Hanebrink,* 506 S.W.2d at 458.

■ In this case, competent and substantial evidence supported the District's suspension order. By simply bringing the knife to school, Art violated the school's discipline policy. Both he and his counsel admitted to Mr. Brooks and the board that he had done so. That violation triggered the school's resort to its discretionary power to impose suspension.

Although the record established the plaintiff's excellent scholastic and discipline records, those facts do not negate the fact that he violated school policy. Nor does his excellent record diminish the defendant's discretionary power to impose suspension. Thus, we must hold that the trial judge erred in finding that the District did not base its decision on competent and substantial evidence.

In its second point on appeal, the District contends that the trial court erred in concluding that the board abused its discretion and acted arbitrarily, capriciously and unreasonably in ordering the suspension. The District maintains that: the suspension did not exceed the punishment guidelines outlined in the disciplinary handbook; the plaintiff knew of the policy he violated; the school board had the power to suspend him; the District uniformly applied the punishment to all students who brought knives to school; the board considered the boy's disciplinary background in suspending him; his knife created a dangerous situation at the school; he brought an especially dangerous knife to school; and he had alternative means of education available to him.

We need not address each of those points in deciding whether the District acted unreasonably. An agency acts unreasonably when it bases its order upon evidence neither substantial nor competent. *State ex rel. Rice v. Public Service Commission*, 359 Mo. 109, 117, 220 S.W.2d 61, 66 (1949) (en banc). Here, the District based its order upon the undisputed and admitted fact that the plaintiff brought a knife to school and the equally undisputed fact that his act violated school policy.

In addition, at the hearing Dr. Foraker testified that anyone who brings a knife to school creates a potentially dangerous situation. Because the District needed to emphasize the inherent danger in these situations, he reasoned, it should not impose disparate punishments on students who bring knives to school. He concluded that uniformity in punishment helped prevent such dangerous occurrences. Although we may question the wisdom of his methods, we cannot categorize as unreasonable the District's uniform policy of suspension for possession of knives at school.

The District asserts that it considered Art's discipline and scholastic records in imposing the suspension order, and the record supports that assertion. Despite its knowledge of the disparity between Art's record and those of the two other students suspended for bringing knives to school, the board upheld the superintendent's decision to suspend the plaintiff. In doing so, it did not act unreasonably. That we might have acted differently cannot affect our decision here.

As we have noted, Art's violation of school policy triggered the District's use of its discretionary power. In imposing the suspension, it acted within the scope of its discretion, and we cannot say that it abused its discretion.

We might have reached a different decision, but we may not substitute our judgment for the District's as to matters within its discretion. *Gamble, supra*, 732 S.W.2d at 892. Therefore, we reverse the decision of the trial court and remand the case to the circuit court with directions to reinstate the District's suspension order.

All concur.