Gerald PROKOPF, Respondent,

v.

Donald H. WHALEY et al., Comprising Membership Board of Police Commissioners, St. Louis City, Appellants.

No. 61454.

Supreme Court of Missouri, En Banc.

Jan. 15, 1980.

Rehearing Denied Feb. 11, 1980.

David O. Danis, Samuel B. Murphy, Jr., St. Louis, for appellants.

C. John Pleban, St. Louis, for respondents.

HIGGINS, Judge.

The Board of Police Commissioners found Officer Prokopf in violation of Rule 9, Section 9.037 of its Police Manual and suspended him for fourteen days without pay. The circuit court without findings or conclusions reversed the Board and directed reinstatement with back pay. The Court of Appeals, Eastern District, affirmed the judgment on a determination that:

"Where, as here, the rule was not offered or introduced at the administrative hearing, an appellate court . . . may not take judicial notice of the rules of the administrative agency. * * * Without the introduction of the rule into evidence or an appropriate taking of official notice of the rule, there was not substantial and competent evidence in the record to support the findings, conclusions and order of the Board of Police Commissioners."

The case was transferred to determine whether the Board's decision is supported by substantial and competent evidence on the record including presence in the record of the pertinent rule. Answered in the affirmative, the judgment is reversed and the cause is remanded.

Following an incident in the early morning hours of November 21, 1976, Mr. Jack Cupples filed a complaint against Officer Prokopf alleging physical abuse. The complaint was investigated by the department's Bureau of Inspections which classified the complaint "Not sustained." Pursuant to department procedure, Mr. Cupples appealed this classification and requested a hearing. In the Charges and Specifications prepared against and served on Officer Prokopf he was alleged:

. . . to have violated Rule 9, Section 9.037, of the Police Manual, published July, 1970, by the Board of Police Commissioners, which rule in applicable part provides that, "Any abuse of prisoners, either by word or act is wrongful and is forbidden," in that the officer slapped Mr. Jack Cupples without cause or justification.

On August 31, 1977, the Board of Police Commissioners accorded Officer Prokopf a hearing pursuant to the Administrative Procedure Act, §§ 536.010 et seq. RSMo. Officer Prokopf was present with counsel; and Mr. and Mrs. Cupples, and Officers Prokopf, Murphy, and Gorder testified. The allegedly violated rule was not formally introduced into evidence. After the hearing, and consistent with the recommendation of the hearing officer, the Board of Police Commissioners reviewed the record and found:

"7. Rule 9, Section 9.037, of the Police Manual published July, 1970, by the Board of Police Commissioners, states in applicable part that, 'Any abuse of prisoners either by word or act, is wrongful and is forbidden.'

8. Mr. Jack Cupples' charge that Police Officer Gerald Prokopf had subjected him to physical abuse by unnecessarily slapping him in the face with his open hand, without cause or justification, an alleged violation of Rule 9, Section 9.037, of the Police Manual, is supported by competent and substantial evidence on the whole record."

The Board ordered Officer Prokopf suspended from duty without pay for fourteen days.

Officer Prokopf's petition for review alleged:

a) the findings and order of the Board are unsupported by competent and substantial evidence upon the whole record;

b) the findings of the Board are based on matters not adduced at the hearing and outside the record;

c) Section 9.037, the regulation found to have been violated, is vague and indefinite;

d) the punishment imposed by the Board is not authorized by law.

Officer Prokopf's allegations a) and b) require a statement of the evidence at the hearing.

Mrs. Cupples stated that just as the police car pulled up to them in the parking lot the officer asked if everything was all right. Mr. Cupples got out of the car, walked toward the police car and said, "Tell your boss everything is fine here." The Cupples had had problems at their apartment building in the past and Mr. Cupples was personally acquainted with the captain of the district. The officer got out of the car, angrily grabbed Mr. Cupples by the collar and jerked him around. Mrs. Cupples tried to intercede to explain that her husband was 75 years old with a heart condition, but was pushed away by the officer who said, "I don't care if he's 75 or 100." The officer hit Mr. Cupples in the face, cutting him and knocking off his glasses, then threw him against the car and placed him under arrest.

Mr. Cupples testified that as he approached the police car he said, "Tell your boss everything is fine." The officer got out of his car, came towards him and replied, "Don't tell me what to do." To this Mr. Cupples replied, "I'm not telling you what to do." At no time did Mr. Cupples make any movement to strike the officer or threaten him in any way. When the officer grabbed him, the officer charged that Mr. Cupples was trying to provoke the law and with that backhanded him across the face.

Officer Prokopf's version was that in response to his question, "Is everything alright?" Mr. Cupples replied, "It's none of your fucking business what I'm doing here, I own this place." Mr. Cupples continued to verbally abuse the officers, was angry and kept pointing his finger at Officer Prokopf saying, "You're an incompetent officer and I'm going to see that you're fired. I'm going to get your job." When Mr. Cupples poked the officer with his finger, Officer Prokopf pushed his hand away. Mr. Cupples then swung his right arm back around and hit Officer Prokopf's hand knocking it into his face, knocking off the glasses and cutting him. Mr. Cupples was then arrested. Officer Prokopf did not recall pushing Mrs. Cupples.

Officer Murphy corroborated Officer Prokopf's statement that Mr. Cupples had knocked Officer Prokopf's hand into his own face. He also testified that although he could not smell alcohol on Mr. Cupples' breath, it was his opinion that he had been drinking.

Lieutenant Gorder, watch commander at the Ninth District, testified that when Mr. Cupples arrived at the station, he was excited and appeared to have been drinking.

The standard for judicial review of an action of an administrative agency is set out in Mo.Const. art. 5 § 18 and § 536.130 et seq. RSMo. In this case, the reviewing court must determine whether the action of the Board is supported by substantial and competent evidence upon the whole record. Rule 100.07(b)(3).

■ The testimony of Mr. and Mrs. Cupples demonstrates substantial and competent evidence to support a finding that Officer Prokopf violated Rule 9, Section 9.037 of the Police Manual as charged. If the evidence before an administrative tribunal warrants either of two opposed findings, the court is bound by the tribunal's

finding. Determination of the credibility of witnesses is the function of the administrative tribunal. *Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779 (Mo. 1976). Although there is evidence in this case to support a decision contrary to that reached by the Board, its decision cannot be reversed simply because the evidence in opposition to the determination may also be substantial and competent. *Hanebrink v. Parker*, 506 S.W.2d 455 (Mo.App.1974). Accordingly, the Board's finding that Officer Prokopf violated Rule 9, Section 9.037 cannot be disturbed for lack of competent and substantial evidence on the record.

Officer Prokopf insists, however, that the Board's decision can not be found supported because the record does not contain the allegedly violated rule.

█ Evidence of this nature can find its way into the record in three ways. It can become of record by formal identification, offer and receipt. This did not occur in this case. The reviewing court can, in some instances, take judicial notice of the evidence. The reviewing court, however, may not take judicial notice of an administrative rule or regulation, just as it may not take judicial notice of an ordinance, *Anderson v. Kraft*, 129 S.W.2d 85 (Mo.App.1939); *Nabors v. United Realty Company*, 298 S.W.2d 474 (Mo.App.1957); *General Motors Corporation v. Fair Employment, etc.*, 574 S.W.2d 394 (Mo. banc 1978). The administrative agency can take "official notice" of its own rules, § 536.070(6) RSMo.

█ The rule in question is contained in the Official Police Manual. Officer Prokopf is required to be familiar with the manual as a condition of his job as a police officer. The agency here involved, the Board of Police Commissioners, wrote the Police Manual. The rule allegedly violated was quoted in pertinent part in the charges and specifications a copy of which was given to Officer Prokopf when the proceedings against him were initiated before the Board. The transcript shows that both the Officers and the Board were aware of the rule and of its contents. Officer Prokopf, being advised and aware of the charges against him, waived the formal reading of the charges and specifications. In its findings of facts and conclusions of law, the Board recognized the existence of its rule and quoted the applicable portion of its text. On this appeal, Officer Prokopf brings the text of the rule to the court for review of his assertion that the language of the rule is vague and indefinite, a question discussed infra.

On this record, there is no suggestion that Officer Prokopf did not receive adequate notice of the charge against him; that the Board was unaware of the rule or its contents; or that the record does not sufficiently present the rule for purposes of the Board's findings and the reviewing court's evaluation of the Board's decision. All reasons for inclusion of the Rule on the record have been thus satisfied. The reversal sought by Officer Prokopf is based on an evidentiary technicality, answered by the agency's official notice of its own rule which made it a part of the record supporting the decision of the Board.

By allegation c), Officer Prokopf seeks to test the constitutionality of Rule 9.037. For purposes of judicial review he has certified a true copy of the section for the record:

USE OF NECESSARY FORCE—In making an arrest no more force shall be used than is absolutely necessary for the safe custody of the prisoner or for overcoming any resistance that may be offered, and for insuring the delivery of the prisoner into safekeeping. Any abuse of prisoners, either by word or act, is wrongful and is forbidden.

He claims this section "is so vague and indefinite as not to provide any reasonable standard of enforcement and does not properly and adequately advise plaintiff of what acts are prohibited or required of him and is therefore violative of the Constitution of the United States and the Constitution of the State of Missouri."

A statute is presumed constitutional and will not be held otherwise unless it clearly and undoubtedly contravenes some constitutional provision. *State v. Crawford*, 478 S.W.2d 314 (Mo.1972). If the terms or words used in the statute are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty. *State v. Williams*, 473 S.W.2d 382 (Mo.1971). Where, however, the statutory terms are of such uncertain meaning, or so confused that the courts cannot discern with reasonable certainty what is intended, the statute is void. *Missouri Pac. R. Co. v. Morris*, 345 S.W.2d 52 (Mo. banc 1961). On a challenge to a statute or ordinance as being unconstitutionally vague it is not necessary to determine if a situation could be imagined in which the language used might be vague or confusing but rather, the language is to be treated by applying it to the facts at hand. *Shobe v. Borders*, 539 S.W.2d 330 (Mo.App.1976).

The rule in question proscribes verbal or physical abuse of prisoners. The conduct found in violation of that proscription was the slapping of a 72 year old man by a police officer. Tested by the principles enunciated above, the rule is neither vague, indefinite, uncertain, or confusing.

Officer Prokopf's allegation d) is that the imposition of the suspension without pay by the Board is not authorized by law. This charge is refuted by § 84.170.2 RSMo:

> "The boards of police are hereby authorized to make all such rules and regulations . . . as they may judge necessary, for the appointment, employment, uniforming, discipline, trial and government of the police. . . . All lawful rules and regulations of the board shall be obeyed by the police force on pain of dismissal or such lighter punishment, either by suspension, fine, reduction or forfeiture of pay, or otherwise as the boards may adjudge."

Accordingly, the judgment is reversed and the cause is remanded with direction to reinstate the findings and decision of the Board of Police Commissioners.

All concur.