Arthur EDMONDS et al., Appellants,

v.

Theodore D. McNEAL et al.,
Respondents.

No. 61532.

Supreme Court of Missouri,
En Banc.

March 11, 1980.

Rehearing Denied April 8, 1980.

C. John Pleban, St. Louis, Theodore F. Schwartz, Barry Ginsburg, Clayton, for appellants.

David O. Danis, St. Louis, for respondents.

HIGGINS, Judge.

The Board of Police Commissioners of St. Louis found Officers Edmonds, Johnson and Pickens in violation of Rule 7, Section 7.010(c) of its Police Manual and ordered them dropped from the rolls of the department. The circuit court affirmed the decision of the Board. The court of appeals reversed the judgment and remanded the cause for a new hearing on a determination that the record did not contain the allegedly violated rule. The case was transferred, together with the case of *Prokopf v. Whaley*, 592 S.W.2d 819 (Mo. banc, 1980), to

determine whether the Board's decision is supported by substantial and competent evidence on the record including presence in the record of the pertinent rule.

Following incidents on November 8 and 9, 1974, Maurice Williamson, the proprietor of Maurice's Gold Coast Lounge, a bar on the north side of the City of St. Louis, complained to the Police Department that police officers obtained money from him in return for an agreement not to harass his bar, and would return for more at the beginning of the following month. This complaint was investigated by the Bureau of Inspections which on November 7, 1975, filed the following Charge:

> Detective Arthur Edmonds, Detective Samuel Johnson, and Probationary Patrolman John Pickens on December 1, 1974, violated Rule 7.010(c) of the *Police Manual* published July 1970 by the Board of Police Commissioners, which rule in applicable part prohibits conduct unbecoming to a member of the Department, by participating in a shake-down of Maurice Williamson, contrary to the good order and discipline of the Department, bringing discredit upon themselves in particular and the Department in general.

With Specification that:

> Detective Arthur Edmonds, Detective Samuel Johnson, and Probationary Police Officer John Pickens, on December 1, 1974, while assigned to the performance of police duties at 2919 Olive Street, in the City of St. Louis, Missouri, accepted $51 in currency from Maurice Williamson in consideration for which the officers agreed not to hassle Williamson or his tavern customers in the discharge of their police duties.

On January 23, 26, and 28, 1976, The Board of Police Commissioners accorded the officers a hearing pursuant to the Administrative Procedure Act, §§ 536.010 et seq., RSMo. The officers were present with counsel and a number of witnesses including the officers testified. The allegedly violated rule was not formally introduced into evidence. After the hearing, the Board of Police Commissioners found:

7. The defendants, Edmonds, Johnson and Pickens were guilty together of shaking-down Maurice Williamson, proprietor of the Gold Coast Lounge, in accepting from Maurice Williamson the sum of $50.00 in return for their agreement not to hassle his establishment, and the defendants, Edmonds, Johnson and Pickens shared and split amongst themselves the $50.00 marked, and chemically treated money provided to Maurice Williamson by the Internal Affairs Division, Bureau of Inspections, Metropolitan Police Department, City of St. Louis, Missouri, and are hereby guilty of conduct unbecoming to a member of the Police Department as specified in Rule 7, Section 7.010(c) of the Police Manual, and as set out in Charge I and its Specifications.

All three officers were ordered dropped from the rolls of the Department effective April 14, 1976.

All three appellants charge that the circuit court erred in affirming the Board's decision for the reason it was not supported by substantial and competent evidence on the record as a whole. Appellants Edmonds and Johnson also contend that the agency decision cannot stand for the additional reason that the allegedly violated rule was not introduced into evidence nor did the agency take official notice of the rule.

The first point requires a statement of the evidence at the hearing. Considered in the light most favorable to the administrative agency, *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 894 (Mo. banc 1978), the evidence adduced at the administrative hearing supports the following statement:

On November 8, 1974, Arthur Edmonds and Samuel Johnson were officers in the St. Louis Metropolitan Police Department and John Pickens was a probationary officer with the department. All were assigned to the Liquor Section of the Vice Division. On that evening Edmonds and Johnson along with two other officers entered Maurice's Gold Coast Lounge to check the age of patrons. A discussion between Officer Edmonds and Maurice Williamson concluded with an agreement that the officers would return the next night. Edmonds and Johnson did return the following night and accompanied Williamson upstairs into a small kitchen. Thomas Dugger, an employee in the kitchen, was asked to leave. Edmonds and Johnson intimated that a monthly payment would keep them from "hassling" the bar. Williamson offered $50.00 a month; the officers suggested $100.00. Williamson gave them $48.00 or $49.00, all he had, and the officers said they would return the first of the month.

Two days later Williamson went to the Police Department and signed a complaint against Edmonds and Johnson. He was directed to the Internal Affairs Division and a plan was devised whereby Williamson would make the next payment to Edmonds and Johnson with money coated with a tracing powder and the serial numbers of which recorded. A policewoman would be assigned to sit in the lounge on the appointed night to observe the conduct of Edmonds and Johnson.

In the evening of November 30, 1974, Williamson went to the Inspector's office, received $51.00 of dusted, recorded currency and returned to his bar. Jeanette Fedrick, an undercover policewoman, took a place at the bar between 9:00 and 10:00 p. m. and remained there until all the events of the evening ended about 1:30 a. m., December 1, 1974.

About 12:45 a. m. on December 1, 1974, Edmonds, Johnson, Pickens and Allen drove to Maurice's lounge. Pickens was feeling ill and he and Officer Allen were instructed to stay in the car while Edmonds and Johnson went into the bar. Officer Fedrick observed them enter and approach Williamson and heard Williamson tell them he would be up in a minute. Edmonds and Johnson went up the stairs; a short time later, Williamson followed. As had occurred three weeks earlier, Thomas Dugger was asked to leave the kitchen. Williamson put the powdered money on the refrigerator and Edmonds picked it up. Williamson returned to the bar area and told the policewoman that the money had been ex-

changed. Edmonds and Johnson also returned to the bar area and each was given a drink by the barmaid. When they finished, they went back out to their car where Pickens and the other officer were still waiting and the four proceeded to the police station parking lot.

Still feeling ill, Pickens gave his car keys to Johnson who went over and started his car for him. Pickens then got out of the police car and entered his own car from the passenger side. Pickens and Johnson sat in the car for a minute or so before Johnson got out and Pickens drove away. At this time Johnson, Edmonds, and Allen were confronted by officers from the Inspector's office. The three were formally arrested and asked to surrender all currency but were not searched. None of the money surrendered matched the marked currency. The three officers were taken upstairs. In the meantime Pickens was called at home and ordered back to the station. The four men were interrogated in Major Brown's office, Colonel Warren's office, and Sgt. Roach's office. While in Major Brown's office, the men stood directly in front of the Major's desk. The next morning, $16.00 of marked money was found on the floor under the desk. A test with an ultraviolet light showed that the tracing powder was present on the hands of Officers Edmonds, Johnson and Pickens but not of Officer Allen. The three officers were then placed on suspended status. Later, Major Brown drove Johnson home to obtain his department-owned service revolver. During the ride Johnson said, "I just got screwed up on this thing. I always looked to Edmonds as being the leader of the group."

■ The standard for judicial review of an action of an administrative agency is set out in Mo.Const. Art. 5, § 18 and § 536.130 et seq., RSMo. In this case, the reviewing court must determine whether the action of the Board is supported by substantial and competent evidence upon the whole record. Rule 100.07(b)(3).

■ The foregoing, particularly the officers' return as predicted by Williamson, the unexplained traces of powder, the admission by Johnson, the marked money found under the desk, and testimony of Maurice Williamson, Officer Fedrick, the barmaid, and Thomas Dugger, demonstrates substantial and competent evidence to support a finding that Officers Edmonds and Johnson were guilty of conduct unbecoming to a member of the police department in violation of Rule 7.010(c) by participating in a shakedown of Maurice Williamson. The Board's finding that Officer Pickens took part in this operation is not so supported.

■ Maurice Williamson makes no accusation as to Pickens; it is not said by anyone that he went into the kitchen to receive a payoff; no one claims he entered Maurice's Gold Coast Lounge on December 1, when the marked money payoff was made; there is no evidence that he ever received any money except for the presence of powder on his fingers which was explained by the transfer of his car keys to and from Johnson, and that he and Johnson sat together in his car for a minute before Pickens drove home. The finding of an administrative body is arbitrary and unreasonable where it is not based on substantial evidence. *Burrows v. County Court of Carter County,* 308 S.W.2d 299 (Mo.App.1957). The record does not contain substantial evidence to support the finding that Officer Pickens took part in the shakedown.

Edmonds and Johnson point to testimony that neither of them went into the kitchen at the lounge on either November 9 or December 1; that they did not receive money on either occasion; that powder got onto their fingers when Maurice shook Edmonds' hand and later handed each of them a drink; that they were searched twice and no marked money was found in their possession; and that neither ever got close enough to Major Brown's desk to throw money underneath it.

■ That the record also contains evidence in conflict with the finding of the Board is not grounds for reversal on appeal. *Hanebrink v. Parker,* 506 S.W.2d 455, 458 (Mo.App.1974). Once it has been determined that the finding of the Board is

supported by substantial and competent evidence and is not contrary to the overwhelming weight of the evidence on the record as a whole, then if the evidence before the administrative tribunal warrants either of two opposed findings, the reviewing court is bound by the tribunal's findings. The determination of the credibility of the witnesses is the function of the administrative tribunal. *Board of Education, Mt. Vernon Schools v. Shank,* 542 S.W.2d 779, 782 (Mo.1976). Accordingly, the Board's finding that Officers Edmonds and Johnson violated Rule 7.010(c) cannot be disturbed for lack of competent and substantial evidence on the record as a whole.

■ Appellants Edmonds and Johnson insist, however, that the Board's decision cannot be found supported because the record does not contain the allegedly violated rule.

The rule in question is contained in the Official Police Manual. Officers Edmonds and Johnson are required to be familiar with the manual as a condition of their jobs as police officers. The agency here involved, the Board of Police Commissioners, wrote the Police Manual. The rule allegedly violated was described in pertinent part in the charges and specifications, a copy of which was given to both officers when the proceedings against them were initiated. The record shows that both officers were advised and aware of the charges against them, and they waived the formal reading of the charge and specifications. In its findings of fact and conclusions of law, the Board recognized the existence of its rule and paraphrased the applicable portion of its text. The governing principle of law was articulated in *Prokopf v. Whaley, supra,* where it was held that in circumstances such as these, the Board officially notices its own rule, thereby satisfying the requirement that the rule be contained in the record.

Accordingly, the judgment of the circuit court is affirmed as to Officers Edmonds and Johnson and reversed and remanded as to Officer Pickens with directions to reinstate him with back pay.

All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

■ Respondents pray that the court determine whether they are entitled to have offset against back pay determined to be due Officer Pickens those sums which he has or could have earned during the period he has been deprived of his employment as a police officer.

*Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138 (Mo. banc 1974) held that the rule of avoidable consequences applied to a wrongfully discharged corrections officer; that his recovery of back pay must be reduced by those sums he earned or could have earned during the period he was deprived of his employment; that in computing the amount to be deducted in mitigation of the back pay award, the officer was entitled to credit for reasonable attorney's fees and reasonable necessary expenses incurred in vindicating his right to reinstatement; that such offsets be determined by an administrative evidentiary hearing for that purpose. *See also Carter County School District R–I v. Palmer,* 582 S.W.2d 347 (Mo.App. 1979).

Accordingly, the judgment of the circuit court should direct the Board of Police Commissioners to conduct a hearing to determine compensation due Officer Pickens, the credits due the Board for those sums he earned or reasonably could have earned during his suspension, and the amount of reduction from such credit for his reasonable attorney's fees and expenses of litigation. Respondents' motion for rehearing is otherwise overruled.