Dear Senator McCarthy:
This opinion is in response to your question which you state as follows:
 Section 169.590, RSMo Supp. 1987, requires Missouri School districts which provide health insurance to its employees to permit retired employees who are drawing, or are eligible to draw, retirement benefits under Chapter 169, RSMo, to purchase insurance through the districts' group policies. The statute does not further define "Missouri School District." My question is this: Does Section 169.590 apply to Junior College districts whose retired employees are covered by Chapter 169, RSMo?
Section 169.590, RSMo Supp. 1987, provides in pertinent part as follows:
 169.590. Health insurance plans for school district employees to include retirees, surviving spouses, when — surviving children, when — premiums. — 1. Any insurance contract or plan issued or renewed after December 31, 1987, which provides group health insurance for employees of any Missouri school district shall contain provisions that permit:
 (1) Any employee of such district who retires, or who has retired, and is receiving or is eligible to receive retirement benefits under this chapter to remain or become a member of the group;
 (2) The surviving spouse of any employee to remain or become a member of the group, so long as such spouse is receiving or is eligible to receive retirement benefits under this chapter; and
 (3) The surviving children of any employee to remain or become members of the group, so long as they are receiving or are eligible to receive retirement benefits under this chapter. (Emphasis added.)
* * *
Section 169.590 contains no definition of "school district." That section was enacted as Section 1 of Senate Bill No. 264, 84th General Assembly, First Regular Session, (Laws of Missouri, 1987, p. 571). Section 1 was added to Senate Bill No. 264 (which already contained amendments to Sections 169.070 and169.660, RSMo 1986) by House Amendment No. 1. House Journal,
Eighty-Fourth General Assembly, First Regular Session, pp. 1527-1529. There is nothing in the legislative history to help interpret the meaning of "school district."
Section 169.590, by its terms, applies to those individuals receiving retirement benefits under Chapter 169, RSMo. When a statute provides no definition for a particular term and when its legislature history provides no clue to the legislature's intent, the "meaning must be determined solely from the language used and its context and in keeping with other statutes of the same or similar nature." State ex rel. Stamm v. Mayfield,340 S.W.2d 631, 634 (Mo. banc 1960). This is true even if the statutes are in different chapters or were passed on different dates. Weber v. Missouri State Highway Commission,639 S.W.2d 825, 829 (Mo. 1982) and Gamble v. Hoffman, 695 S.W.2d 503,508 (Mo.App. 1985). We will, therefore, examine the provisions in Chapter 169 to determine if junior college districts come within the term "school district" as used throughout Chapter 169.[1]
There are four groups of statutes in Chapter 169 which create retirement systems for school districts. The first group includes Sections 169.010 to 169.140 which provide for the "The Public School Retirement System." The second group comprises Sections 169.270 to 169.400 which create a public school retirement system in each school district which falls within the population criteria set out in Section 169.280.1 (400,000 to 700,000). The third group includes Sections 169.410 to 169.540
which create local public school retirement systems for school districts of the state having a population of 700,000 or more. The final group is composed of Sections 169.600 to 169.710 which provide retirement benefits for non-teacher employees in local school districts.
In regard to The Public School Retirement System, the term "school district" as such is not defined. However, the term "district" is defined to mean "public school, as herein defined." Section 169.010(4), RSMo Supp. 1987. "Public school" is defined in subsection 12 of that statute as:
 (12) "Public school" shall mean any school conducted within the state under the authority and supervision of a duly elected district or city or town board of directors or board of education and the board of regents of the several state teachers' colleges, or state colleges, board of trustees of the public school retirement system of Missouri, and also the state of Missouri and each county thereof, to the extent that the state and the several counties are employers of teachers as herein designated;
This definition does not include junior college districts since they have boards of trustees and not boards of directors, boards of education or boards of regents. Section 178.820, RSMo 1986. Further evidence supporting this conclusion is found in the fact that the legislature, as a part of the junior college statutes, included a separate statutory provision in which The Public School Retirement System is made expressly applicable to junior college districts. Section 178.860, RSMo 1986. A more comprehensive enactment providing for application of The Public School Retirement System to certain employees of a "public junior college, college or university" is found at Section169.140, RSMo Supp. 1987.
The definitions in those statutes pertaining to school districts containing between 400,000 to 700,000 people also do not include junior college districts. "School district" is defined in Section 169.270(17), RSMo 1986 as "any school district in which a retirement system shall be established under section 169.280." However, Section 169.280.1 which provides a means by which the retirement system is established, refers to the governing body of the school district as a "board of education." That term is defined in subsection 6 of Section169.270, RSMo 1986, as "the board of directors or corresponding board, by whatever name, having charge of the public schools of the school district in which the retirement system is established." Further elucidating the meanings of these terms are definitions in Chapter 160 which chapter is in pari materia to Chapter 169 because it contains provisions generally applicable to all school districts. Weber v. Missouri StateHighway Commission, supra. Section 160.011(1) defines "school district", when used alone, as including "six director, urban, and metropolitan school districts." The term "public school" is defined in subdivision (7) as including "all elementary and high schools operated at public expense." Taking into consideration the definitions in Section 169.270 along with the use of the terms "school district" and "public school" in the rest of Chapter 169 and in Chapter 160, there was no intent to include junior college districts in Section 169.270.
In regard to school districts of 700,000 or more, the definition of "public school" does not cover junior college districts since, as stated above, junior college districts are not governed by a board of education or a board of regents. Section 169.410(15), RSMo Supp. 1987 defines public school as:
 "any school for elementary, secondary or higher education, open and public, which is supported and maintained from public funds and which is operated by the board of education of the school district or by the board of regents." (Emphasis added.)
In regard to non-teacher employees of school districts, since 1975, Section 169.600 (Laws of Missouri, 1975, p. 216) has contained a separate provision for junior college districts to include their eligible employees in the retirement system created by Sections 169.600 to 169.710. This demonstrates that junior college districts are not considered to be "public school districts" as that latter term is defined in Section169.600(12), RSMo 1986.[2] See Attorney General Opinion No. 79, Donahoe, March 17, 1966, a copy of which is enclosed, issued before the 1975 amendment, opining that the definition of "public school district" in Section 169.600 did not include junior college districts.
From this review of Chapter 169, we conclude that where the legislature intends for junior college districts to be included in the retirement provisions of Chapter 169, it expresses that intent explicitly. This is consistent with the legislature's treatment of junior college districts in other statutes relating to school districts. For instance, Chapter 163, RSMo, provides for state aid to public schools by designating state aid to go to "school districts." Section 163.021, RSMo 1986. Despite the use of the term "school districts," the legislature found it necessary to make separate and explicit provision for state aid to junior college districts in Section 163.191, RSMo Supp. 1987. See also our previous discussion of the term "school district" in Chapter 160. Therefore, we conclude that since Section 169.590 makes no express reference to junior college districts, the provisions of that section do not apply to junior college districts.
In arriving at this conclusion, we are not expressing our opinion as to whether the term "school district" as used in any other statute could not possibly include junior college districts. The interpretation of such term must always be decided in the context of the particular statute with its particular purpose and in reference to any other statutes which are in pari materia. Compare Opinion No. 298, Holman, May 13, 1966, opining that junior college districts are "school districts" as that term is used in Section 108.240, RSMo, with Opinion No. 59, Ryan, March 17, 1970, opining that junior college districts are not within the term "school district" as used in the Teacher Tenure Act (Sections 168.102 to 168.130, RSMo).
Conclusion
It is the opinion of this office that the provisions of Section 169.590, RSMo Supp. 1987, are not applicable to junior college districts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 79, Donahoe, March 17, 1966 Opinion No. 298, Holman, May 13, 1966 Opinion No. 59, Ryan, March 17, 1970
[1] The formation and operation of junior college districts is provided for in Sections 178.770 to 178.890, RSMo 1986. Section163.191.4, RSMo Supp. 1987, provides the following definition of "community junior college:"
 4. A "community junior college" is an institution of higher education deriving financial resources from local, state, and federal sources, and providing postsecondary education primarily for persons above the twelfth grade age level, including courses in: (a) liberal arts and sciences, including general education; (b) occupational, vocational-technical; and (c) a variety of educational community services. Community junior college course offerings lead to the granting of certificates, diplomas, and/or associate degrees, but do not include baccalaureate or higher degrees.
[2] In 1984, the legislature passed Section 169.611 which contains more detailed provisions for the merger of a junior college district non-teacher employee retirement system into the system created by Sections 169.600 to 169.710 (Laws of Missouri, 1984, p. 463).