Stephen **MEDVIK**, Plaintiff-Respondent,

v.

Frank **OLLENDORFF**, et al., Defendants-Appellants.

No. 51254.

Missouri Court of Appeals, Eastern District, Division One.

April 14, 1987.

Shulamith Simon, St. Louis, for defendants-appellants.

Alan G. Kimbrell, St. Louis, for plaintiff-respondent.

SATZ, Presiding Judge.

Plaintiff, Stephen Medvik (Medvik), is a former employee of University City, Missouri. He was discharged by a decision of the City's City Manager, Frank Ollendorf (Ollendorf). The circuit court reversed this decision and ordered Medvik reinstated. Ollendorf and the City's Civil Service Board (Board) appeal. We reverse and remand.

An employee of University City appeals to the Board to obtain a review of his discharge from employment. The Board, which acts in an advisory capacity, holds a hearing and makes a recommendation to the City Manager. The City Manager makes the final decision for the City.

Medvik was discharged in March, 1985, by a letter from Willie Norfleet (Norfleet), the City's Director of Finance. The letter informed Medvik his discharge resulted from a March 15th incident involving "abusive language" directed to a fellow employee. The letter also reminded Medvik of a 1983 disciplinary incident, at which time Medvik had been warned of possible discharge for future incidents.

Medvik appealed to the Board, and, in April, 1985, a hearing was held. The City introduced various exhibits, including Medvik's personnel file and memos written by city officials regarding Medvik's disciplinary violations. Norfleet testified, explaining his reasons for terminating Medvik's employment. Norfleet also read a letter from Williams, a fellow employee, explaining the chain of events leading up to Medvik directing a racial slur at Williams. This incident precipitated Medvik's termination.

The Board also examined a March 20, 1985 report from Norfleet to three city officials, containing a summary of the March 15th incident. This report also described an incident which occurred on March 14, during which Medvik allegedly told another employee, repeatedly, that "a nigger was a nigger". Medvik testified, admitted addressing Williams as a "nigger" but did not remember saying on March 14th "a nigger was a nigger". The Board examined additional documents, including Medvik's personnel file.

The Board issued its "recommendation" on April 5, 1985, and concluded Medvik's discharge was "inappropriate". Instead, the Board recommended a two-month suspension because a "single incident" of a racial slur did not come within the purview of the City's rules and regulations for termination of employment.

Ollendorf reviewed Medvik's personnel file and the Board's recommendation. On April 9, 1985, he issued his decision, which upheld the termination of Medvik's employment by Norfleet. Medvik sought review of this decision in the circuit court, which, as previously noted, reversed Ollendorf's decision and ordered Medvik reinstated.

This dispute, between a discharged employee, Medvik, and his municipal employer, University City, is a "contested case", defined by § 536.010(2) RSMo. (Supp.1987). *State ex rel. City of Springfield v. Crouch,* 687 S.W.2d 639, 640 (Mo.App. 1985). The process of "contested cases" is governed, in part, by §§ 536.080 RSMo. (Supp.1987) and 536.090 RSMo. (Supp.1987). *Id.* at 641. Section 536.080(1) entitles the parties "to present oral arguments or written briefs at or after the hearing which shall be heard or read by" the official who renders the final decision. Section 536.-080(2) requires the official who renders the final decision to "either hear all the evi-

dence, read the full record including all the evidence, or personally consider the portions of the record referred to in the arguments or briefs". The parties may "waive compliance" by "written stipulation or by oral stipulation at a hearing".[1] In addition, § 536.090 requires the final decision to be accompanied by Findings of Fact and Conclusions of Law.

On appeal, Ollendorf and the Board candidly admit Ollendorf violated these statutory requirements. He did not review the record made before the Board, he did not hear oral arguments or receive written briefs from the parties, and he did not make Findings of Fact and Conclusions of Law.

Obviously, then, this action was not properly processed, and we do not have a proper record for appellate review. *See, e.g., Webb v. Board of Police Com'rs. of Kansas City,* 694 S.W.2d 927, 928–929 (Mo.App. 1985); *Gamble v. Hoffman,* 695 S.W.2d 503, 508 (Mo.App.1985). Accordingly, we reverse and remand this case to the circuit court, and direct it to remand the case to the City Manager, Frank Ollendorf, for further proceedings consistent with this opinion.

KELLY and CRIST, JJ., concur.

---

1. 536.080 reads:

   1. In contested cases each party shall be entitled to present oral arguments or written briefs at or after the hearing which shall be heard or read by each official of the agency who renders or joins in rendering the final decision.

   2. In contested cases, each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs. The parties to a contested case may by written stipulation or by oral stipulation in the record at a hearing waive compliance with the provisions of this section.