**Ralph E. STURDEVANT, Appellant,**

v.

**C.E. FISHER, Superintendent of the Missouri State Highway Patrol, Respondent.**

**No. WD 52706.**

Missouri Court of Appeals, Western District.

Feb. 25, 1997.

Richard Don Crites, Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David J. Hansen, Asst. Atty. Gen., Jefferson City, for Respondent.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

HOWARD, Judge.

Ralph Sturdevant was dismissed from the Missouri State Highway Patrol (the Patrol) based upon a variety of charges relating to drug usage. He then filed a petition for review with the circuit court, which affirmed the decision of the Patrol. He now appeals to this court, claiming that (1) the circuit court's decision was erroneous because it purported to review the decision of the Patrol's Procedural Hearing Board (the Board) rather than that of the Superintendent, that (2) the Superintendent made the decision to dismiss him without reading the entire record of the Board hearing, that (3) he was denied the opportunity to file briefs and to make oral argument, and that (4) the Superintendent failed to either make findings of fact and conclusions of law or explicitly adopt those of the Board.

Mr. Sturdevant's first contention is irrelevant as we review the decision of the Superintendent, not that of the circuit court. Mr. Sturdevant's second two contentions are not supported by the record. Because we are unable to determine whether the Superintendent adopted the findings of the Board, we are unable to engage in meaningful review of the merits of the decision. Accordingly, we vacate the appeal and remand to the circuit court with directions that the court remand to the Superintendent so that he may clarify whether he has adopted the findings of the Board.

## I. *DISCUSSION*

On April 22, 1993, the Board held a hearing on the charges against Mr. Sturdevant. At the outset of the hearing, the Board's chairman announced that "our General Order provides the Patrol will record these proceedings." In addition, a court reporter was present to transcribe the proceedings. Following the presentation of evidence, the Board heard closing arguments from counsel for both parties. The chairman then asked if either side was prepared to present proposed findings of fact and conclusions of law.

Counsel for the Patrol responded that he had drafted such findings and conclusions; counsel for Mr. Sturdevant responded that he had not.

The next day, the Board issued its written "Findings of Fact, Conclusions of Law, and Recommendation," in which a unanimous Board found there was sufficient evidence to substantiate the charges against Mr. Sturdevant, and recommended that Mr. Sturdevant be dismissed from the Patrol. On May 3, 1993, the Superintendent of the Patrol informed Mr. Sturdevant of his dismissal by a letter which stated that:

> [a]fter review of the testimony and all evidence submitted and consideration of the Findings of Fact and Conclusions of Law of the Procedural Hearing Board, I have determined your dismissal to be warranted. Therefore, effective 5:00 p.m., May 5, 1993, you are dismissed as a member of the Missouri State Highway Patrol.

On May 28, 1993, Sturdevant filed a petition for judicial review with the circuit court, which affirmed the administrative decision. The circuit court's order stated:

> Now on this 20th day of March, 1996, the Court, being fully advised, finds that, based upon the whole record, the decision of the Procedural Hearing Board of the Missouri State Highway Patrol of April 23, 1993, is supported by competent and substantial evidence and is correct as to the law.
>
> Therefore, it is ordered that said decision be affirmed.

█ In his first point on appeal, Mr. Sturdevant claims that the circuit court's order was erroneous on its face because, in the order, the circuit court purported to have reviewed the decision of the Board when, in fact, the decision subject to review was that of the Superintendent. Mr. Williams contends that the cause must be remanded to the circuit court because the circuit court's decision did not address the particular decision from which Mr. Sturdevant is appealing.

█ This court, in reviewing an administrative decision in a contested case, reviews the decision of the agency and not the judgment of the circuit court. *Smarr v. Sports*

*Enterprises, Inc.*, 849 S.W.2d 46, 47 (Mo.App. 1993). Consequently, this court is not concerned with Mr. Sturdevant's challenge to the correctness of a portion of the circuit court's judgment. *Jerry–Russell Bliss v. Hazardous Waste,* 702 S.W.2d 77, 80 (Mo. banc 1985). In this review of an administrative decision, we will not entertain a claim of error by the circuit court which is unrelated to the merits of the appeal. *Evangelical Ret. Homes v. State Tax Com'n,* 669 S.W.2d 548, 552 (Mo. banc 1984). Point denied.

■ In his second point on appeal, Mr. Sturdevant claims that he was denied certain procedural rights in connection with the Superintendent's decision to dismiss him from the Patrol.[1] First, he contends that the Superintendent did not read the record of the Board hearing before making his decision, as that record was not transcribed until twenty-seven days after his May 3, 1993, dismissal letter to Mr. Sturdevant. This alleged failure, Mr. Sturdevant argues, was a violation of § 536.080.2, which requires that, in contested cases, unless the parties stipulate otherwise, "each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider the portions of the record cited or referred to in the arguments or briefs." In the case at bar, there were no stipulations, and no briefs or arguments presented to the Superintendent.

■ There is a presumption that administrative officials have rightfully and lawfully discharged their official duties until the contrary appears, and Mr. Sturdevant has the burden of showing that the Superintendent did not read or otherwise consider the evidence as required by § 536.080.2. *Dittmeier v. Missouri Real Estate Commission,* 316 S.W.2d 1, 5 (Mo. banc 1958). This strong presumption of validity cannot be overcome by anything short of clear and convincing evidence. *Technical & Professional v. Board of Zoning,* 558 S.W.2d 798, 803 (Mo. App.1977).

Mr. Sturdevant has failed to present the clear and convincing evidence needed to overcome the presumption of validity associated with the Superintendent's order, particularly since it is inferable from the record that, while the Superintendent did not read the transcript, he nevertheless heard all the evidence by listening to the audio recording of the hearing, as he contends in his brief. Also, the Superintendent's statement, in his May 3, 1993, letter to Mr. Sturdevant, that he had determined that Mr. Sturdevant's dismissal was warranted "[a]fter review of the testimony and all evidence submitted" further established that his decision was issued in accord with the procedure set forth in § 536.080.2. *State ex rel. Powell v. Wallace,* 718 S.W.2d 545, 549 (Mo.App.1986).

We note that, had Mr. Sturdevant sought the Superintendent's own testimony or other evidence regarding the claimed violation of § 536.080.2, § 536.140.4 allows a circuit court to depart from the general rule that judicial

1. In his brief, the Superintendent contends that Mr. Sturdevant failed to preserve this point for appellate review by not raising it in his petition for review. We will not address this contention, however, as Mr. Sturdevant's point can be summarily disposed of on its merits. We will note, however, that the Superintendent's contention is problematic. Under certain very limited circumstances, an appellate court will review issues not raised in the petition for review, *Collier v. Metropolitan St. Louis Sewer Dist.,* 706 S.W.2d 894, 898 (Mo.App.1986), and there is a question as to whether such circumstances exist in the case at bar.

For example, Mr. Sturdevant claims in this point on appeal that the Superintendent did not read the record of the Board hearing before making his decision, since that record was not transcribed until May 30, 1993. As it appears

that Mr. Sturdevant could not have been aware of the existence of such an issue until after he filed his petition for review on May 28, 1993, it would seem inappropriate to penalize him for a failure to include the claim in his petition. Also, Mr. Sturdevant claims that he was not given the opportunity to present briefs or oral argument to the Superintendent, as required by § 536.080.1. There is a rule allowing for review of an issue not raised in the petition for review if that issue concerns the failure of the administrative agency to conform to a statute governing its procedure, as § 536.080 arguably is. *See Collier,* 706 S.W.2d at 898, n. 1; *Ross v. Robb,* 651 S.W.2d 680, 683 (Mo.App.1983). We will defer consideration of such issues to another day, as it is not necessary for our determination of the point on appeal.

review of administrative decisions is limited to matters on the agency record, so that the circuit court can consider further evidence of irregularities in procedure. *Gore v. Wochner*, 558 S.W.2d 333, 334 (Mo.App.1977). Mr. Sturdevant, however, did not seek such a determination by the circuit court in the case at bar.

Mr. Sturdevant also claims that he was not given the opportunity to present briefs or oral argument to the Superintendent himself, and that this lack of opportunity was improper because it was the Superintendent who was responsible for the agency's final decision. Mr. Sturdevant argues that he was entitled to such an opportunity under the express provisions of § 536.080.1, which states that, in contested cases, "each party shall be entitled to present oral arguments or written briefs at or after the hearing which shall be heard or read by each official of the agency who renders or joins in rendering the final decision."

Even though, pursuant to § 536.080.1, a party is entitled to present oral arguments or written briefs to the administrative official rendering the final decision, he may not complain upon appeal to this court if, at the agency level, he failed to request the opportunity to do so. *Bridges v. State Board of Reg. for Healing Arts*, 419 S.W.2d 278, 283 (Mo.App.1967). There is no indication in the record that Mr. Sturdevant requested such an opportunity in the case at bar. Point denied.

In his final point on appeal, Mr. Sturdevant argues that the findings of the Superintendent were inadequate. To be adequate, findings of facts cannot "leave the reviewing court to speculate as to what part of the evidence the [administrator] believed and found to be true and what part it rejected." *State ex. rel Intern. Telecharge v. PSC*, 806 S.W.2d 680, 684 (Mo.App.1991). Mr. Sturdevant argues that the Superintendent's findings are not adequate because he cannot tell from review of his May 3, 1993, letter whether the Superintendent, as the person responsible for the agency's final decision, either made his own findings of fact and conclusions of law, or adopted those prepared by the Board. We simply know the Superin-

tendent "considered" the findings made by the Board.

Mr. Sturdevant cites *Medvik v. Ollendorff*, 727 S.W.2d 473 (Mo.App.1987), in support of his position. In *Medvik*, an employee of University City, Missouri, appealed his firing to the city's Civil Service Board, which issued a "recommendation" that the discharge was inappropriate. The city manager then upheld the termination, without reviewing the record made before the Board, without hearing oral arguments or receiving written briefs from the parties, and without making findings of fact or conclusions of law.

The Eastern District determined that these omissions violated the provisions of § 536.090, which require an agency's final decision to be accompanied by findings and conclusions, and which require the official who renders the final decision to either hear all the evidence, read the full record, or personally consider the portions of the record referred to in the arguments or briefs. The Eastern District ordered the cause remanded to the city manager in order to rectify the procedural defects, in part because the city manager had failed to make the findings and conclusions required by § 536.090.

Mr. Sturdevant contends that the same disposition is required in this case. The Superintendent argues that remand is not required, however, because *Medvik* is distinguishable in light of *Gamble v. Hoffman*, 695 S.W.2d 503, 508 (Mo.App.1985). In *Gamble*, as in the case at bar, the Patrol filed disciplinary charges against a trooper. The Board found that the charges were true and sufficiently serious to warrant the trooper's dismissal. 695 S.W.2d at 504–05. The Board made no detailed findings of fact and conclusions of law, but stated in its written findings only that it found the charges to be true, and recommended to the Superintendent that the trooper be dismissed. *Id.* at 505. The Superintendent then ordered the trooper dismissed, and his decision was affirmed by the circuit court. *Id.* This court reversed in part, finding that § 536.090 required the Board's decision to be accompanied by written findings of fact and conclusions of law. *Id.* at 508–09. This court

**26**

further stated that the Superintendent must act upon the board's written decision, "adopting its findings and recommendations in whole or in part or making new findings." *Id.* at 508.

We agree that *Gamble* allows the Superintendent to adopt the Board's findings instead of making new findings. It is unclear from the Superintendent's May 3, 1993, letter whether the Superintendent did adopt the Board's findings, however. His letter did refer to the Board's unanimous decision that substantial, credible, and sufficient evidence existed to warrant Mr. Sturdevant's termination and said that he made his decision after review of the testimony and of all the evidence submitted and after "consideration" of the Board's findings. The Superintendent then dismissed Mr. Sturdevant, which is exactly the result deemed warranted by the Board.

It may be, attorneys for the Superintendent now argue, that by this language the Superintendent meant to adopt the Board's findings. If so, his decision was adequate because under *Gamble* he is entitled to adopt the Board's findings and is not required to specifically set out his own additional findings. On the other hand, Mr. Sturdevant may be correct that the Superintendent's language shows only that he had reviewed the findings of the Board and agreed with enough of them that he believed dismissal was warranted. If the latter is true, then it was incumbent on the Superintendent to specify which findings and which conclusions of law he adopted, so that Mr. Sturdevant could address those findings and conclusions on appeal.

Because of the imprecision and ambiguity of the language used by the Superintendent and because multiple reasons were given by the Board for dismissal of Mr. Sturdevant, we are simply unable to determine which of the above scenarios in fact occurred. Clarification of the Superintendent's order is thus necessary. Accordingly, we dismiss the appeal as premature and remand the case to the circuit court so that it can remand to the Superintendent for the purpose of permitting him to clarify his decision by specifically either adopting the findings and conclusions of the Board in whole or in part, or by making his own findings and conclusions. See *Iron County v. State Tax Commission*, 480 S.W.2d 65 (Mo.1972). See also *Kennedy v. Missouri Real Estate Com'n*, 762 S.W.2d 454 (Mo.App.1988); *Ruffin v. City of Clinton*, 849 S.W.2d 108 (Mo.App.1993) and *State ex rel. Jackson Cty. v. Pub. Serv. Com'n*, 532 S.W.2d 20 (Mo. banc 1975).

In order to avoid this type of confusion in the future, we suggest that the Superintendent use more precise wording that explicitly either adopts the findings and conclusions of the Board, or makes clear which parts of the Board's findings and conclusions are adopted, or makes independent findings and conclusions. An excellent summary of cases setting out what constitutes the "limits of acceptability" for findings of fact and conclusions of law appears in *Phil Crowley Steel Corp. v. King*, 778 S.W.2d 800, 803 (Mo.App. 1989). For the reasons noted above, we dismiss the appeal as premature and remand for further proceedings consistent with this opinion.

All concur.