Ralph E. STURDEVANT, Appellant,

v.

C.E. FISHER, in his official capacity
as Superintendent, Missouri State
Highway Patrol, Respondent.

No. WD 56478.

Missouri Court of Appeals,
Western District.

Nov. 30, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 2000.

Richard Crites, Sringfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lawrence G. Rebman, Asst. Atty. Gen., Jefferson City, for respondent.

Before ALBERT A. RIEDERER, Presiding Judge, JAMES M. SMART, Jr., Judge, and JOSEPH M. ELLIS, Judge

ALBERT A. RIEDERER, Presiding Judge.

Ralph E. Sturdevant appeals from an administrative order terminating his employment with the Missouri State Highway Patrol. We affirm.

**Factual and Procedural Background**

On April 7, 1993, Appellant was formally charged by his employer, the Missouri State Highway Patrol, with a variety of charges related to the usage of drugs. On April 22, 1993, the Patrol's Procedural Hearing Board ("Board"), pursuant to Section 43.150, held a hearing on the charges against Appellant. A court reporter was present to transcribe the proceedings.

Following presentation of the evidence, the Board heard closing arguments from counsel for both parties. The chairman asked if either side was prepared to present proposed findings of fact and conclusions of law. Counsel for the Patrol responded that he had drafted such findings and presented them to the Board. Counsel for Appellant responded that he had not. The Board issued "Findings of Fact, Conclusions of Law, and Recommendation," in which a unanimous Board found that there was sufficient evidence to substantiate the charges against Appellant and recommended that Appellant be dismissed from the Patrol. On May 3, 1993, the Superintendent of the Patrol, C.E. Fisher, informed Appellant of his dismissal by letter. On May 28, 1993, Appellant filed a petition for judicial review in the Circuit Court of Cole County. The Circuit Court of Cole County affirmed the decision of the Board in an order dated March 20, 1996.

Sturdevant appealed from the circuit court's order, and this court affirmed in *Sturdevant v. Fisher,* 940 S.W.2d 21 (Mo. App.1997), holding that with regard to Appellant's claims that he was denied certain procedural rights: (1) Appellant failed to present clear and convincing evidence needed to overcome the presumption of validity associated with the Superintendent's order; and (2) Appellant may not complain on appeal that he was not given the opportunity to present briefs or oral argument to the Superintendent, under Section 536.080.1, because he failed to request an opportunity to do so at the agency level. Appellant argued in his final point on that appeal that the Superintendent's findings were inadequate because he could not tell from the May 3, 1993 letter whether the Superintendent, as the person responsible for the agency's final decision, made his own findings of fact and conclusions of law or adopted those prepared by the Board. This court determined that clarification of the superintendent's order was necessary. The court dismissed the appeal as premature and remanded the case to the circuit court so that it could

remand to the superintendent for the purpose of permitting him to clarify his decision by specifically either adopting the findings and conclusions of the Board in whole or in part, or by making his own findings and conclusions. That opinion was filed February 25, 1997.

On September 1, 1993, Superintendent C.E. Fisher, Respondent in *Sturdevant*, 940 S.W.2d 21, had resigned or retired from his position. Fred M. Mills subsequently became the superintendent.

On February 27, 1997, two days after the Sturdevant decision, Appellant wrote a letter to Superintendent Mills requesting the right to schedule oral argument and to file proposed findings of fact and conclusions of law prior to his decision. On April 7, 1997, Superintendent Mills wrote a letter to Appellant's counsel regarding the decision of the court to remand the case to the superintendent for clarification of the order dismissing Appellant from the Patrol. Superintendent Mills enclosed an affidavit of former Superintendent C.E. Fisher, which stated that Fisher had adopted the Board's findings when he issued his decision May 3, 1993. The letter stated:

> Furthermore, because I am now the Superintendent of the Patrol, I have also reviewed all of the testimony, evidence, and arguments submitted at Trooper Sturdevant's hearing, as well as the Findings of Fact and Conclusions of Law made by the Procedural Hearing Board. I concur with Colonel C.E. Fisher's adoption of the Board's finding and his decision.
>
> If, however, you wish to present any additional argument to me, you may contact me no later than April 14, 1997, to set up a time to present any arguments.

On April 12, 1997, Appellant wrote a letter to Superintendent Mills claiming that Mills had ignored requests made in his February 27, 1997 letter, and that Superintendent Mills had already decided the case in his April 7, 1997 letter to Appellant.

On April 14, 1997, the Circuit of Cole County issued the following order: "Pursuant to the mandate by the Missouri Court of Appeals Western District the case is hereby remanded to the Superintendent for the purpose of permitting him to clarify his decision by specifically either adopting the findings and conclusions of the Board in whole or in part, or by making his own findings and conclusions." On May 7, 1997, Appellant filed his first amended petition for review of the administrative decision claiming, among other things, that Superintendent Mills' letter of April 7, 1997 constituted a final order and that Appellant was not given a chance to file proposed findings of fact and conclusions of law or to have oral argument before him.

On June 2, 1997, Superintendent Mills wrote a letter to Judge Kinder stating that former Superintendent C.E. Fisher issued an affidavit stating that he adopted the Board's findings when he made his decision on May 3, 1993. Superintendent Mills also stated in the letter that as the acting superintendent he reviewed all of the testimony, evidence and arguments submitted at Appellant's hearing, as well as the Board's Findings of Fact and Conclusions of Law, and that he concurred with former Superintendent Fisher's "adoption of the Board's findings and his decision to terminate Mr. Sturdevant." On June 23, 1997, Judge Kinder wrote a letter to the parties stating that he was scheduling a hearing for July 14, 1997.

On July 7, 1997, the Patrol filed a "Response to the Court's Order Remanding the Case for Clarification of Former Superintendent Fisher's May 3, 1993 Decision Terminating Ralph Sturdevant." The Patrol asked the court to accept former Superintendent C.E. Fisher's affidavit as well as Superintendent Mills' letter to serve in compliance with its April 14 order, and the order from this court, for clarification of the May 3, 1993 decision and adop-

tion of the Board's Findings of Fact, Conclusions of Law and Recommendation.

On July 14, 1997, the parties appeared before Judge Kinder, and a briefing schedule was determined. Appellant's brief was filed on September 8, 1997. On October 28, 1997, the circuit court affirmed the decision of the superintendent in an order stating that the superintendent's decision had been clarified, and that the superintendent had adopted the Findings of Fact and Conclusions of Law of the Board when he made his decision on May 3, 1993. A judgment was entered on August 21, 1998 saying the same.

This appeal ensued.

### Standard of Review

■ We review the decision of the administrative agency, not the judgment of the circuit court. *Holt v. Clarke,* 965 S.W.2d 241, 243 (Mo.App.1998). Our review is limited to whether the administrative decision was supported by competent and substantial evidence on the whole record, as well as whether it was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *Id.*

### I.

### Point Relied On

■ Appellant provides only one "Point Relied On," but it does not comply with Rule 84.04(d), which requirements are not only mandatory but essential to the effective function of this court. *Hemeyer v. KRCG–TV,* 1999 WL 118287 at 2. Consequently, this court has had some difficulty identifying the issue(s) to be determined. While we do not condone noncompliance with the rules, *Id.,* nevertheless, since there is an adequate transcript and legal file in this case, and since appeals should be decided on their merits if possible, we will review the case on the merits.

As best we can determine, Appellant makes three claims, all of which are based on his assumption that since Fisher was no longer Superintendent he could not carry out this court's mandate to "clarify." First, he claims Mills erred in failing to adopt the findings and conclusions of the Board, or in the alternative, to adopt his own findings and conclusions. Second, he claims that Mills erred in denying him procedural due process by failing to comply with Section 536.080 by not granting Appellant a hearing. Third, he claims Mills erred by not ruling on the issues of Appellant's right to back pay and benefits.

### Effect of Change of Superintendent

■ Rule 52.13(d) states that "When a public officer is a party to an action in his official capacity and during its pendency ... resigns or otherwise ceases to hold office, the action does not abate and the successor is automatically substituted as a party." Therefore, Superintendent Mills has been substituted as a party and it was his responsibility to follow the mandate of this court.

### Mills Adopted Findings and Conclusions

■ Appellant first claims that Mills erred in failing to adopt the findings and conclusions of the Board, or in the alternative, to adopt his own findings and conclusions. The record, however, conclusively shows that Mills adopted the findings and conclusions of the Board in whole. After the decision of this court in *Sturdevant,* the trial court remanded the case to the superintendent. The Appellant had already written a letter to Mills requesting the right to schedule oral argument and to provide proposed findings and conclusions. Mills, in turn, had responded by letter on April 7, 1997. This letter had enclosed with it an affidavit of former Superintendent Fisher wherein he affined that he had adopted the Board's findings: "For the record, I now state unequivocally that I adopted the Board's findings when I made my decision on May 3, 1993, to dismiss trooper Ralph Sturdevant, and that was my intent on the date that I issued the

letter." Mills then told Appellant in the letter that as superintendent he had reviewed all of the testimony, evidence and arguments submitted at Appellant's hearing, as well as the Board's findings and conclusions, and that he concurred with former Superintendent Fisher's "adoption of the board's findings and his decision." Mills also informed Appellant in the April 7 letter that if he wished to present any additional argument to Mills, he should contact Mills no later than April 14. Appellant's only response was to write a letter to Mills claiming Mills had ignored his requests to present oral argument and proposed findings and conclusions. Appellant does not offer any explanation of why he failed to present proposed findings and conclusions in response to the invitation of Mills to do so in the April 7 letter.

It was not until two days after Appellant wrote his last letter to Mills that the trial court remanded the case to the Superintendent. That was April 14, 1997. On May 7, Appellant filed his petition for review. He claimed that the Mills letter of April 7, 1997 was a final order and that Appellant was not given a chance to file proposed findings and conclusions or to have oral argument.

The only fair reading of this record is that Mills adopted in whole the findings and conclusions of the Board. He investigated what Fisher had done and produced an affidavit, which is the only evidence in the record on that issue. He then wrote that he concurred with Fisher, who had stated under oath that he had adopted the Board's findings when he made his decision on May 3, 1993. There is no other way to read this than that Mills adopted the Board's findings and conclusions when he made his decision. Thus, we conclude that this record amply refutes Appellant's claim that Mills failed to adopt the findings and conclusions of the Board.

### Compliance with Section 536.080.

◼ Appellant next claims that Mills erred and denied him procedural due process of law by failing to comply with Section 536.080 by not granting Appellant's written request to present oral argument and written findings and conclusions prior to making his own decision. Section 536.080 provides in pertinent part:

1. In contested cases each party shall be entitled to present oral arguments or written briefs at or after the hearing which shall be heard or read by each official of the agency who renders or joins in rendering the final decision.

The record demonstrates that Appellant was offered, and did accept, the opportunity to present oral arguments after the hearing, which took place in 1993. Appellant implies, but never directly argues, that he was entitled to another oral argument after the first Sturdevant decision. Appellant offers no authority for this proposition. Appellant relies on Section 536.080, which merely says that he is "entitled to present oral arguments . . . at or after the hearing which shall be heard or read by each official of the agency who renders or joins in rendering the final decision." Appellant participated in oral arguments in 1993. Mills read those arguments, along with everything else in the record.

◼ Appellant also claims he was entitled, under Section 536.080, to present written briefs. Assuming, without deciding, that written briefs includes and encompasses written findings and conclusions, we conclude that Appellant's argument is without merit. First, the record shows that Appellant declined, after the hearing in 1993, to offer written findings and conclusions. He again declined to do so when given the opportunity in 1997. Appellant cannot now complain that he was not given an opportunity to submit written briefs when he twice declined to do so.

Thus, the requirements of the statute upon which Appellant relies have been fulfilled.

### Back Pay and Benefits

Appellant also claims that Mills erred in failing to comply with Section 536.063 by not granting Appellant a hearing nor ruling on the issues of Appellant's right to back pay and benefits. Appellant does not identify which part of the statute he is relying on for this point. Since his termination was properly upheld, Appellant is not entitled to any back pay or benefits. Appellant does not provide any authority supporting this argument, therefore, we deem it abandoned. Rule 84.04(d); *Blackstock v. Kohn,* 1998 WL 726263 at 3.

### Conclusion

Thus, we conclude that the administrative decision was supported by competent and substantial evidence on the whole record, and that it was not arbitrary, capricious or unreasonable, and that the superintendent did not abuse his discretion. The judgment of the learned trial court is affirmed.

Judgment affirmed.

All concur.