William Dewayne DAVIS,
Plaintiff–Appellant,

v.

Bob CUMLEY, City Manager of the City of Springfield, Missouri, a municipal corporation, and The City of Springfield, Missouri, a municipal corporation, Defendants–Respondents.

No. SD 31933.

Missouri Court of Appeals,
Southern District,
Division One.

March 28, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2013.

Application for Transfer Denied May 28, 2013.

Richard D. Crites, Springfield, for Appellant.

M. Douglas Harpool, Matt Cologna, Springfield, for Respondent.

Before LYNCH, P.J., RAHMEYER, J., and FRANCIS, J.

PER CURIAM.

William Dewayne Davis ("Employee") appeals from the Springfield City Manager's decision affirming his demotion from

patrol sergeant to patrol officer with the Springfield Police Department. In his sole point relied on, Employee claims he was "denied due process of law" in that the Personnel Board of the City of Springfield ("Board") "acted capriciously in applying and interpreting administrative rules which imposed arbitrary and unreasonably short time constraints that prevented plaintiff from cross examining witnesses, presenting witnesses on his own behalf and creating a full and complete record necessary for a meaningful for [sic] judicial review." Because Employee's attorney (1) objected to the Board's time limitations late, (2) never requested additional time, and (3) never informed the Board of the evidence he desired, but was unable, to present to the Board because of its time limitations and the prejudice caused Employee by his inability to do so, we affirm the City Manager's decision.

### Facts and Procedural History

Based on two successive, failing annual evaluations and the events reflected in those evaluations, Springfield Chief of Police Lynn S. Rowe issued Employee a predisciplinary letter in April 2007. Following issuance of that letter, Chief Rowe met with Employee and counsel for Employee to discuss the letter on two occasions. Both meetings were recorded. Following these predisciplinary hearings, Chief Rowe issued Employee a final disciplinary letter in May 2007, in which Chief Rowe demoted Employee in rank from patrol sergeant to patrol officer. A disciplinary option available to, but not utilized by, Chief Rowe was to terminate Employee's employment with the police department.[1]

Employee then requested a hearing before the Board, and the Board granted Employee a hearing on the issues of (1)

"Did the action of the employee occur?" and (2) "Is the discipline appropriate?" The hearing before the Board occurred on March 13, 2008, and, including the Board's deliberation, lasted from a little after 1:00 p.m. to a little after midnight.

At the outset of the hearing before the Board, the Chair of the Board outlined the procedure for the hearing including the time limitations for (1) presentation of a party's position (i.e., two hours for each party), (2) cross-examination by a party (i.e., one hour for each party), and (3) rebuttal and summation by a party (i.e., one-half hour for each party), as well as the fact the Board may extend the time limitations for "good cause," and the fact the time used by the Board to question witnesses would not count against the parties' allotted time. At that time, Employee's attorney did not (1) object to the rules, or (2) inform the Board that he anticipated he would need more time than allotted, explain why and request additional time, or take any other action to alert the Board to an anticipated need for more time to present and defend Employee's position.

Viewed in accordance with our standard of review, the evidence admitted at the hearing showed the following. Employee was a patrol sergeant with the responsibility of supervising and evaluating a corporal and multiple patrol officers. In January 2005, Lieutenant Routh became Employee's immediate supervisor as part of a normal change in supervisory assignments. For 2005 and again for 2006, Lieutenant Routh gave Employee an overall evaluation score of less than two on a four point scale. These evaluations were failing evaluations, and occurred despite Employee being counseled on multiple occasions and

1. At the Board's hearing, both the predisciplinary letter and the final disciplinary letter were admitted as exhibits; however, no exhibits were filed in the record on appeal.

provided multiple opportunities for employer-paid training and improvement. The opportunities for training and improvement included a leadership class at Ozarks Technical College. Employee challenged or "grieved" each of these annual evaluations, and obtained changes in the 2005 evaluation. However, the overall evaluation for 2005 remained below two and remained a failing evaluation. The failing evaluations were based on numerous errors in Employee's performance including multiple instances of (1) improper supervision of patrol officers in the field, (2) inaccurate and/or untimely completion of evaluations for supervised employees, and (3) improper approval of incomplete field reports prepared by supervised employees.[2]

In January 2007, Lieutenant Leven became Employee's immediate supervisor and Lieutenant Routh ceased to supervise Employee.

The City called Lieutenant Routh as its first witness. Following Lieutenant Routh's testimony on direct, Employee's attorney spent an hour asking Lieutenant Routh questions on cross that added little new to Lieutenant Routh's direct testimony that was favorable to Employee (and produced in significant part a restatement of Lieutenant Routh's testimony on direct), and frequently focused on Employee's minor performance errors that were unlikely to have played a significant role in Employee's failing evaluations for 2005 and 2006. When the Chair of the Board terminated Employee's attorney's cross-examination after the hour, Employee's attorney did not object or request an extension of his time for cross-examination for good cause.

Following numerous questions by members of the Board, the following colloquy occurred:

MR. ROLING [the Chair]: Any other questions?

(No audible response.)

MR. ROLING: Mr. Harpool [attorney for the City]?

MR. HARPOOL: I have none.

MR. ROLING: Mr. Crites [attorney for Employee], any other questions?

MR. CRITES: Oh, I have a lot, but you've cut me off.

MR. ROLING: Well, I have to. That's the rule. Are there any questions pertinent to the questions that the board asked the witness?

MR. CRITES: No. I just—for the record, I'd like to state that I have not been able to cross-examine this witness about Exhibits 11, 12, 15, 17, 18, 68 to 70, 71 to 80, plus the actual evaluations which are Exhibits 11, 12 and 13 of the performance plan so—

MR. ROLING: Okay.

MR. CRITES:—I object to you cutting me off. I understand what your rules are, but I object to that.

MR. ROLING: Well, you were presented the rules ahead of the hearing, so you knew what the procedure would be.

Employee's attorney made no other objection to the Board's time limitations during the hearing, and never at any time (1) requested an extension of the Board's time limitations for good cause, or (2) made an offer of proof that summarized the evidence he desired, but was unable, to pres-

---

**2.** Before 2005, Lieutenant Hutcheson was Employee's immediate supervisor. In January 2005, Lieutenant Hutcheson documented in Employee's critical incident file for 2005 that, in late December 2004, Employee failed to take command and clear an incident to which multiple patrol officers had responded. Lieutenant Hutcheson also directed that Employee should no longer serve as "acting lieutenant" for six months.

ent to the Board because of its time limitations and the prejudice caused Employee by his inability to do so. The Board, on its own and without being asked by Employee's attorney, granted Employee's attorney an additional fifteen minutes for cross-examination of other witnesses. Employee's attorney used that time to cross-examine four of the City's five subsequent witnesses, voluntarily stopped this examination, and indicated he had no questions for the City's witness that he did not cross-examine.

In presenting Employee's position, Employee's attorney called two witnesses and then called Employee. Employee's testimony on direct examination spans sixty-eight pages in the transcript. Despite being alerted when he had five minutes of his two hours left, Employee's attorney did not object or request additional time. At the conclusion of Employee's attorney's two hours, the following questions, answers and exchange occurred:

Q. (By Mr. Crites) Would that be like this last example? They're making assumptions that the man was there and, in fact, he wasn't?

A. (By Employee) That's correct.

MR. ROLING: You're out of time, Mr. Crites.

MR. CRITES: They don't give me enough time to go through it all.

Q. (By Mr. Crites) But throughout all the entire evaluations, is that an example of what Kevin Routh and Scott Leven did to you?

A. (By Employee) Yes, sir, it was.

MR. ROLING: Mr. Harpool.

MR. CRITES: Is my time up?

Mr. ROLING: Yes. Your time is up.

Again, Employee's attorney did not object to the Board's time limitation, request additional time, or make an offer of proof of the evidence he desired, but was unable, to present to the Board because of its time limitations and the prejudice caused Employee by his inability to do so. Further, the Board, again on its own and without request by Employee's attorney, granted Employee's attorney additional time for redirect examination of Employee.

The Board enforced its time limitations on the City of Springfield's attorney.

The Board recommended to the City Manager that the Chief of Police's decision demoting Employee be affirmed. The City Manager subsequently concluded that Employee violated rules for which demotion was permissible, and that his demotion was reasonable and appropriate, and affirmed the Chief of Police's decision and the Board's recommendation.

Employee appealed the City Manager's decision to the circuit court, and now appeals the circuit court's judgment affirming the City Manager's decision to us.

### Standard of Review

As required by Article V, section 18 of the Missouri Constitution and section 536.140.2,[3] we review the City Manager's[4] decision to determine whether the decision:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

---

**3.** All references to statutes are to RSMo Cum. Supp.2005, unless otherwise specified.

**4.** "Agency," under section 536.140.2, includes a single administrative officer who is authorized to adjudicate contested cases as is the

City Manager in this case. Section 536.010(2), RSMo Cum.Supp.2006; *Sturdevant v. Fisher*, 940 S.W.2d 21, 23–24 (Mo.App. W.D.1997).

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

Section 536.140.2; *Lagud v. Kansas City Board of Police Commissioners*, 136 S.W.3d 786, 790–91 (Mo. banc 2004); *Stacy v. Harris*, 321 S.W.3d 388, 393 (Mo.App. S.D.2010). Further:

"The decision of the [agency] is reviewed as if it had been directly appealed to this court." *Prenger v. Moody*, 845 S.W.2d 68, 73 (Mo.App. W.D.1992) (citation omitted). "If the [agency's] ruling 'is supported by competent and substantial evidence upon the whole record ... the ruling will be affirmed, even though the evidence would also have supported a contrary determination.' " *Missouri Veterans' Comm'n v. Vanderhook*, 290 S.W.3d 115, 119–20 (Mo.App. W.D.2009) (quoting *Lagud v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786, 791 n. 5 (Mo. banc 2004)). " 'This Court must look to the whole record in reviewing the [agency's] decision, not merely at that evidence that supports its decision,' and we no longer view the evidence in the light most favorable to the agency's decision." *Vanderhook*, 290 S.W.3d at 119 (quoting *Lagud*, 136 S.W.3d at 791).

"A reviewing court will refrain from substituting its judgment for that of the [agency] on factual matters." *State Bd. of Registration for the Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003). "We may not substitute our judgment on the evidence for that of the agency, and we must defer to the agency's determinations on the weight of the evidence and the credibility of witnesses." *Orion Sec., Inc. v. Board of Police Comm'rs of Kansas City*, 90 S.W.3d 157, 163 (Mo.App. W.D.2002). "While this Court cannot substitute its own judgment on factual matters, it can independently determine questions of law." *Id.*

*Stacy v. Harris*, 321 S.W.3d at 393–94.

■ Although due process applies to administrative hearings and requires a "fair hearing" and "rudimentary elements of fair play," "[a]n administrative agency has broad discretion to reasonably regulate the time periods afforded parties to present evidence." *Clark v. Board of Directors of the School District of Kansas City*, 915 S.W.2d 766, 772–73 (Mo.App. W.D.1996). More importantly, "administrative actions [generally] should not be set aside without an opportunity for the agency, on timely request by the complainant, to consider the issue, unless injustice might otherwise result." *Blevins Asphalt Construction Co. v. Director of Revenue*, 938 S.W.2d 899, 902 (Mo. banc 1997); *see also Clark*, 915 S.W.2d at 772–73 (stating the same rule in slightly different language with respect to a claim similar to Employee's claim).

### Analysis

■ In his sole point relied on, Employee claims he was "denied due process of law" in that the Board "acted capriciously in applying and interpreting administrative rules which imposed arbitrary and unreasonably short time constraints that prevented plaintiff from cross examining witnesses, presenting witnesses on his own behalf and creating a full and complete record necessary for a meaningful for [sic] judicial review." We affirm because Employee's attorney failed to (1) make a timely objection to the Board's time limitations

on presentation of evidence and cross-examination, (2) make a timely request for additional time, and (3) provide a timely summary of the evidence he desired, but was unable, to present to the Board because of its time limitations and the prejudice caused Employee by his inability to do so.[5]

In the administrative hearing in this case, Employee's counsel's only objection to the Board's time limitations on presentation of evidence and cross-examination of witnesses was significantly out of time. Further, the Board on its own granted Employee's attorney additional time both for cross-examination and for presentation of Employee's evidence. The Board enforced the rules in an even-handed manner with the City's attorney.

We believe the general rule applies that we should not set aside an administrative action without an opportunity for the agency, on timely request by the complaint, to consider the issue. Employee's point is denied and we affirm the decision of the City Manager.[6]

---

**5.** Indeed, Employee's attorney has not even in this appeal informed us of the evidence he desired, but was unable, to present to the Board because of its time limitations, and the prejudice caused Employee by his inability to present the evidence.

**6.** The City filed a motion to dismiss this appeal on the basis Employee had not filed a

transcript of Employee's hearing before the Board and had not filed an appendix that was referenced in Employee's brief. The motion was taken with the case. Employee subsequently filed the items referenced in the motion, and the City then filed its brief. In view of these developments, we deny the motion to dismiss.